HERRING v. STATE.

Opinion delivered February 8, 1926.

1. CRIMINAL LAW—DENIAL OF CONTINUANCE—PREJUDICE.—Denial of a continuance on account of sickness of the accused was not prejudicial where he testified at length during the trial, and there is no indication that he was unable to give a coherent statement of the facts about which he undertook to testify.

2. CRIMINAL LAW—WAIVER OF ARRAIGNMENT.—Where accused announced ready for trial and proceeded with the impaneling of the jury without asking for a drawn jury until after a portion of the jury had been selected and accepted, he will be held to have waived both the arraignment and the right to have a drawn jury.

3. JURY—NUMBER OF CHALLENGES.—Where accused, before arraignment, had exercised some of his challenges, he was entitled thereafter only to the number of additional challenges necessary to make up the quota of challenges allowed him by the statute.

4. CRIMINAL LAW—EXCLUSION OF EVIDENCE—HARMLESS ERROR.—The error of excluding proffered testimony will not be held to be prejudicial where the record fails to show what the testimony would have been if the court had admitted it.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*Cravens & Cravens,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McCULLOCH, C. J.  This is an appeal from a judgment of conviction for the crime of selling intoxicating liquor.  The indictment was returned on March 4, 1925, and appellant was put on trial October 21, 1925.  When the case was called for trial, appellant filed a motion for a continuance on the ground that he was seriously ill, and had been in that condition for two or three days past, and that he was unable to attend the trial.  There was an affidavit of a physician accompanying the petition certifying to the fact that appellant was sick, and would be unable to attend court for several days.  The court appointed two physicians to examine appellant, and they reported that he was able to go to court.  Appellant, through his counsel, then contended that, since the examination by the physician on the day before, his condition had grown worse, and that he was unable to attend at that time.  The court overruled the motion, and this ruling is assigned as error.

It is unnecessary for us to determine whether the court, under the circumstances, abused its discretion in refusing to postpone the trial, for, even if there was an abuse of discretion, no prejudice resulted.  Appellant was in attendance at the trial, testified at length in his own behalf, and there is no indication that he was physically or mentally incapacitated from assisting his counsel in his defense, or in giving his testimony clearly to the jury.  He testified at considerable length during the trial, and there is no indication that he was unable to give a coherent statement of the facts about which he undertook to testify.  There was no prejudice therefore in the ruling of the court, even if it constituted an abuse of discretion.

It is next contended that the court erred in denying appellant the right of having a drawn jury from the regular panel, and in denying him a sufficient number of challenges.

When the case was finally called for trial, appellant announced ready and proceeded with the impaneling of the jury without asking for a drawn jury until a portion of the jury had been selected and accepted. The question was raised that there had been no formal arraignment, and, appellant then refusing to plead, the court entered on the docket a waiver of arraignment and a plea of not guilty. It was then that appellant's counsel asked for a drawn jury. It was too late then to make the request, for appellant had, by proceeding with the selection of the jury without a formal arraignment, waived both the arraignment and the right to have a drawn jury. *Bettis* v. *State,* 164 Ark. 17. Appellant had exercised a portion of his peremptory challenges up to the time this incident occurred in the progress of the trial, and his counsel claimed the right to exercise the full statutory number of challenges after that time. After he had exhausted his twenty challenges, he claimed still another, which the court denied, and this ruling is assigned as error. The contention is that appellant was entitled to the full twenty challenges after the court had noted his waiver of arraignment. This is not true, for the reason that the participation in the selection of the jury constituted a waiver, and all of the challenges exercised up to that time were chargeable against the accused. He did not have the right to disregard the number of challenges up to that time and exercise twenty more thereafter. The effect of his waiver of arraignment was the same as if he had been formally arraigned and had pleaded to the indictment at the beginning of the trial, hence he was chargeable with all the challenges he had exercised from the beginning.

On the cross-examination of appellant, the prosecuting attorney brought out the fact that appellant had served a term in the penitentiary, and on redirect examination appellant's counsel asked permission for the witness to state the circumstances of his conviction. This request was denied, and the ruling is assigned as error.

There was no attempt to bring into the record what the answer of the witness would have been if the court had permitted him to make answer to the inquiry, therefore there is nothing to show that any prejudice resulted from the court's ruling.

The giving of instruction No. 5 is assigned as error, but this instruction is identical with one which was approved by this court in the case of *Humphreys* v. *State*, 168 Ark. 163.

Judgment affirmed.