**George James COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35479.

Court of Criminal Appeals of Texas.

March 6, 1963.

Rehearing Denied April 17, 1963

Ralph Chambers, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Lee P. Ward, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery by assault, with a prior conviction for felony theft alleged for enhancement under the terms of Article 62, Vernon's Ann.P.C.; the punishment, life.

Pharmacist Doyle of Houston testified that on the day in question appellant and a companion entered his drug store, informed him that their purpose was to rob him and, at gun point, took his available supply of narcotics and the cash from his register.

Taxi driver Aldridge testified that appellant and his companion entered his cab a short distance from Doyle's Pharmacy and instructed him to drive them to another part of the city but that before he had proceeded any appreciable distance he was signaled to halt by a motorcycle policeman, that shooting occurred, and finally appellant and his companion Brown were taken into custody. The money and narcotics were recovered. Appellant's confession fully implicating himself and Brown was introduced in evidence. Appellant's prior conviction for felony theft was established.

Appellant did not testify in his own behalf but recalled one officer in an effort to show that the money which had been taken in the robbery was missing. This he failed to do.

We find the evidence sufficient to support the conviction and shall discuss the contention advanced in appellant's brief.

While assistant district attorney Hughes was identifying appellant as the person who had been convicted in the prior case alleged for enhancement, he was cross-examined by appellant's then-counsel as follows:

"Q. Do you recall that that case wasn't initially filed in this Court?" (the court where the conviction was had)

to which the prosecutor answered:

"A. I would have to check to see whether or not it was filed originally in this Court, or whether or not it was transferred. We do transfer cases when there are more than one case against a defendant. We try to get all those in the same Court."

Appellant's objection that the answer was "highly inflammatory" was promptly sustained, and the jury were twice fully instructed to disregard the answer. Following this, appellant's counsel pursued the matter further by inquiring if the order of transfer appeared among the papers of the case and demanded that the original indictment be produced. We have concluded that if error was committed by the answer set forth above the same was waived when appellant's counsel continued to question the witness about the matter, especially since he was not attempting to explain away the answer which had been given.

Finding no reversible error, the judgment of the trial court is affirmed.