**Eugene E. MALLONEE, Appellant,**

v.

**Sidney LANIER, Warden, Texas Department of Corrections, Appellee.**

**No. 22069.**

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1966.

Eugene E. Mallonee, pro se.

Sam R. Wilson, Houston, Tex., Lonny F. Zwiener, Austin, Tex., Asst. Attys. Gen. of Texas, Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., Stanton Stone, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before TUTTLE, Chief Judge, COLEMAN, Circuit Judge, and HUNTER, District Judge.

PER CURIAM:

Mallonee is confined in the Texas State Penitentiary serving a sentence of life imprisonment resulting from his conviction of the offense of rape. He brought this habeas corpus proceeding alleging that he had been deprived of his liberty without due process of law. This is an appeal from a judgment discharging the writ and remanding petitioner to the custody of the respondent warden.

The principal assignment of error is the finding of the district judge that Mallonee was not denied a fair trial, simply because he was brought to the state court room in handcuffs, which were removed promptly upon arrival there. There was no showing that appellant was observed in handcuffs by any member of the jury. At the most, we have a showing of a possibility of prejudice. This is not enough. Prejudice must be established "not as a matter of speculation but as a demonstrable reality." [1]

A careful examination of the record compels a conclusion that all grounds urged by appellant as a basis for reversal lack merit. The judgment of the district court is

Affirmed.

1. Adams v. United States ex rel. McCann, 317 U.S. 269, 281; 63 S.Ct. 236, 242; 87 L.Ed. 268, 143 A.L.R. 435.