**Ralph McFALLS, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67-C-41-A.**

United States District Court
W. D. Virginia,
Abingdon Division.

June 9, 1967.

Reno S. Harp, III. Asst. Atty. Gen., Richmond, Va., for C. C. Peyton.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, by Ralph McFalls, a state prisoner, and it is filed *in forma pauperis.*

Petitioner is currently serving a term of thirty-five (35) years in the Virginia State Penitentiary, pursuant to a conviction for first degree murder in the Circuit Court of Scott County, Gate City, Virginia on November 3, 1961. At his trial petitioner was represented by court appointed counsel, and entered a plea of not guilty.

A habeas corpus hearing was conducted by the State court in Gate City on April 18, 1966, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The State court found that petitioner was denied his right to appeal as an indigent, and entered an order directing that the writ of habeas

corpus be granted. The effect of the order was stayed to permit the petitioner to seek a writ of error from the Supreme Court of Appeals of Virginia. Petitioner was granted leave to apply for a writ of error, and the writ was denied by the Supreme Court of Appeals of Virginia, on January 13, 1967.

Petitioner now seeks a writ of habeas corpus from this court alleging essentially the same errors he raised in his State court hearing. The petitioner's allegations are as follows:

(1) Petitioner was made to stand trial in his prison uniform, and this prejudiced the jury.

(2) Inadequate representation by counsel at trial.

(3) Petitioner was denied his right to counsel at the preliminary hearing.

(4) Petitioner was denied his right to a fair trial because the sheriff coerced the witnesses and suppressed evidence.

(5) Petitioner was not present at all stages of the trial.

(6) The Commonwealth's Attorney alluded to the fact that the petitioner had not testified at his trial.

(7) Petitioner was convicted on the basis of evidence obtained as a result of an illegal search and seizure.

The record reveals the following basic facts. On November 21, 1961, petitioner was arrested in McRoberts, Kentucky, a short distance across the Virginia state line from Scott County, Virginia. A warrant for petitioner's arrest was issued in Scott County, Virginia on November 23, 1960, and petitioner consented to be extradited. Petitioner was not represented by counsel at the preliminary hearing in Scott County, but the court appointed counsel for the trial. Petitioner entered a plea of not guilty and requested a jury trial. At trial the major evidence produced against petitioner, were articles found on the petitioner's person when arrested, and the testimony of three conspirators in the crime. The jury found petitioner guilty of murder in the first degree, and

petitioner was sentenced to thirty-five (35) years in the Virginia State Penitentiary on November 3, 1961. A more detailed presentation of the facts is covered later in this opinion.

■■■ Petitioner alleges that he was compelled to stand trial in his prison uniform, and that this prejudiced the jury. At his State habeas corpus hearing, petitioner offered no evidence that his appearance in a prison uniform resulted in any prejudice. In referring to the more extreme instance of handcuffing a defendant, Gregory v. United States, 365 F.2d 203, 205 (8th Cir. 1966) stated:

> To justify a new trial this alleged error must appear to have seriously affected the fairness of the trial. (citation) The burden of proof to sustain this allegation is on the appellant. (citation) The handling of the defendant during the trial is best regulated by the trial court and is a matter for its sound discretion. (citation) For this court to question the discretion of the trial court, the record needs to show something more than the mere fact that defendant was handcuffed in the presence of the jury. (citation) If, as in the instant case, the record does not show the occurrence was prejudicial, the motion for a new trial will be denied.

Petitioner here has not met his burden of proof in showing prejudice. The maximum sentence for a conviction of first degree murder in Virginia is death, Va.Code Ann. § 18.1–22 (Repl. Vol. 1960), but petitioner here received a sentence of thirty-five years. Rather than showing prejudice, it could just as well be argued that petitioner's appearance in a prison uniform, elicited the sympathy of the jury on the reasoning that petitioner had already been punished to some extent and possibly could have resulted in imposition of the lighter sentence. In the absence of a showing of prejudice, this court holds that petitioner was not denied a fair trial because he appeared before the jury in his prison uniform.

580

Petitioner alleges inadequate representation of counsel on the sole basis that his court appointed attorney failed to ask for an instruction to the jury that the testimony of a conspirator must be received with extreme caution. Petitioner admits in his petition that "in every other respect the appointed attorney was very effective at the trial." Failure to request a single instruction clearly does not establish inadequate representation of counsel. Snead v. Smyth, 273 F.2d 838 (4th Cir. 1959). The trial court's failure to give such an unrequested instruction did not deprive petitioner of his constitutional rights. While an instruction on the weight to be given to testimony of conspirators is generally desirable, such an instruction is not mandatory. Pittsburgh Plate Glass Co. v. United States, 260 F.2d 397 (4th Cir. 1958); Esters v. United States, 260 F.2d 393 (8th Cir. 1958).

There is no merit to petitioner's contention that he was deprived of his right to counsel at the preliminary hearing. The preliminary hearing in Virginia is not a critical stage of the judicial process. Ward v. Peyton, 349 F.2d 359 (4th Cir. 1965). The requirement of a preliminary hearing is procedural only, and any defect in connection therewith must be raised before trial, or is lost as a ground of objection. Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963); Snyder v. Commonwealth, 202 Va. 1009, 121 S.E.2d 452 (1961). Petitioner did not enter a plea or testify at the preliminary hearing, and there is no evidence that he was in any way prejudiced by lack of counsel at his preliminary hearing.

Aside from petitioner's own allegation, there is no support for the contention that the sheriff coerced the witnesses and suppressed evidence. At the State habeas corpus hearing the petitioner attempted to introduce in evidence an undated writing purporting to establish that two of the witnesses had given false testimony against petitioner. This writing was not admitted in evidence because it was not properly identified. One of the signers did not testify at the State hearing, and the other signer testified that he signed only what he thought was a song, and had signed on all of the pages of the writing. The writing offered by petitioner was signed on only one page. There was also no evidence that the purportedly perjured testimony was knowingly used by the state. The jury heard the evidence and was the judge of the credibility of the witnesses. Mere recantation of testimony in itself is not grounds for invoking the due process clause.

Petitioner further alleges that he was not present at all stages of his trial. Specifically, he alleges that he was not present when it was agreed that the jury would not be sequestered during recesses of the court, and during adjournment for the evening. The failure to sequester the jury is said to have exposed them to hostile press coverage of the case, and thus prejudiced petitioner's right to a fair trial. No evidence was offered at the State habeas corpus hearing to prove that petitioner was not present at all times, and the record contains a certification by the trial court that the petitioner was present at all stages of the trial. Thus, in the face of petitioner's failure to offer any evidence on the point, this court could well accept the State court's finding that petitioner was present at all stages of his trial. However, even assuming that petitioner was not present at the decision to separate the jury, this court feels petitioner was not denied due process. Petitioner relies heavily on Near v. Cunningham, 313 F.2d 929 (4th Cir. 1963), where the petitioner's absence at the time of such a decision was held to be error. But the rule in Near was somewhat modified in Root v. Cunningham, 344 F.2d 1 (4th Cir. 1965). In Root the petitioner was absent when the judge and attorneys agreed on the instructions to be given the jury. The decision in Root upheld petitioner's conviction and emphasized the fact that no prejudice was shown, and that petitioner was present when the

instructions were actually read to the jury, and petitioner could have objected then. In the present case, petitioner was present when the jury was allowed to separate, and he could have objected in open court. Petitioner states that he objected to his attorney, who told petitioner that it was better to allow the jury to separate and have the judge give instructions to the jury not to discuss the case, or read or listen to news items on the case. The trial court gave such an instruction, and petitioner did not object further. Thus petitioner acquiesced in his attorney's decision to not request sequestering of the jury. Whether to allow the jury to separate is a matter within the trial judge's discretion. § 19.-1–213 Code of Va. (1950). The prior agreement not to sequester the jury was only tentative and not a final decision. Petitioner was present when the trial judge announced that the jury would be separated. Petitioner could have objected then, and presented his reasons to the court. Instead, petitioner consulted his attorney on the matter and concurred in the prior agreement. Petitioner was present and failed to object at a time when the decision to separate the jury could still be changed, thus petitioner was not deprived of due process of the law. "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 107, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934).

Petitioner further alleges that he was denied his rights because the prosecution alluded to the fact that petitioner had not testified at his trial. "The making of improper statements in argument is reversible error, where such statements are so impressive as to remain in the minds of the jurors and influence their verdict." McLane v. Commonweath, 202 Va. 197, 116 S.E.2d 274, 281 (1960). We do not feel that the statements here could have been so "impressive" as to influence the jury's verdict. The state-

ments were made in the prosecution's closing argument, and petitioner's attorney objected before the prosecution could finish the sentence. The court sustained the objection and stated that it was petitioner's right to testify or not testify, and that the jury was not to consider petitioner's failure to testify. Even assuming that the prosecution's statements amounted to a comment on petitioner's failure to testify, the prejudice to petitioner was removed when the trial court sustained petitioner's objection and stated that the jury should not consider such comments. Jurors are supposed to be competent to understand and willing to obey the instructions of the trial court as to what they shall and shall not consider in determining their verdict. "[W]e recall no case where a new trial has been granted for similar misconduct, when it appeared that the lower court sustained the objection of the prisoner and instructed the jury to disregard the statements of the prosecuting attorney." Harris v. Commonwealth, 133 Va. 700, 112 S.E. 753, 755 (1922); Mundy v. Commonwealth, 161 Va. 1049, 171 S.E. 691 (1933).

Petitioner's final allegation, as to illegal search and seizure, was not presented to the State courts. Thus, this court feels that petitioner has failed to exhaust his state remedies as to this contention. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). To grant petitioner a hearing on this allegation would fly in the face of Fay v. Noia, by allowing a petitioner to proceed through State courts on some allegations, while reserving other allegations until such time as petitioner files a petition for habeas corpus in a federal court. This court will not condone such methods of bypassing State habeas corpus procedures. As to the allegation of illegal search and seizure, the petition is dismissed without prejudice to the further prosecution thereof, upon a verified showing that petitioner has exhausted his state remedies.

As to the first six allegations, for the reasons stated in this opinion and upon

mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that the allegations are without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.