**Truman Adonis WILLIAMS, Appellant,**

v.

**UNITED STATES of America,**
Appellee (two cases).

Nos. 21347-A, 22388.

United States Court of Appeals
Ninth Circuit.

Aug. 15, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 650.

Jerome J. Cate (argued), Billings, Mont., for appellant.

Arthur W. Ayers, Jr., Asst. U. S. Atty. (argued), Moody Brickett, U. S. Atty., Billings, Mont., for appellee.

Before BARNES and MERRILL, Circuit Judges, and BOWEN,* District Judge.

BOWEN, District Judge:

These two cases, one numbered No. 21347-A and the other No. 22388, involve separate appeals in different post trial proceedings growing out of the convictions and sentences of the appellant in two cases tried in the United States District Court for the District of Montana, Billings Division. In this Court both appeals were heard and submitted together, and we deal with both of them in this opinion. In No. 21347-A appellant was represented by counsel who argued that case before us, as did appellee's counsel. In No. 22388, in the trial court and in this Court, appellant proceeded without counsel, and he and appellee in this Court submitted No. 22388 on briefs without oral argument.

In No. 21347-A, the trial court had jurisdiction under 18 U.S.C. § 2312 and

---

* Hon. John C. Bowen, Senior United States District Judge, Seattle, Washington, sitting by designation.

28 U.S.C. § 2255. In No. 22388, the trial court had jurisdiction under Rule 35, F.R.Cr.P., 18 U.S.C. § 2312, 15 U.S.C. § 902(e), and 18 U.S.C. § 4208(a) (2).

In both No. 21347–A and No. 22388, this Court has jurisdiction under 28 U.S.C. § 1291.

We now first consider case No. 21347–A. In that case, appellant was in 1966 by the trial court convicted of a Dyer Act (18 U.S.C. § 2312) violation and sentenced to 3 years imprisonment from which he appealed to this Court, but that appeal was dismissed upon stipulation of counsel for appellant and the appellee Government (Trial court's Finding No. 1, Exh. "A", appellant's Reply Brief). Thereafter appellant filed in the trial court a § 2255 motion to vacate his 3-year sentence because of inadequacy of his counsel's service in that dismissed appeal.

Pursuant to that § 2255 motion to vacate his sentence, the trial court found upon adequate evidence that appellant had been denied effective assistance of counsel upon said dismissed appeal and had been unlawfully deprived of his right to appeal, and in effect directed that either or both parties might properly petition this Court to set aside such dismissed appeal and reinstate it for consideration on its merits. In that connection the trial court directed that final action on appellant's § 2255 motion be deferred pending such reinstatement petition and action thereon by this Court. The appellee did so petition this Court which granted the petition and reinstated the previously dismissed original appeal.

In that appeal, No. 21347–A, appellant has a different attorney from the one he had during the trial. Through his substitute attorney, he now urges error in the trial court's admission in evidence of his statements to an FBI agent allegedly obtained contrary to the rule in the Escobedo case, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). It clearly appears from the record, however, that the FBI agent appropriately advised appellant of his constitutional rights before taking his statement and adequately complied with the requirements of Escobedo, supra.

Appellant also complains that certain instructions to the jury, although not objected to at the trial, violate the "plain error" rule (Rule 52(b), F.R.Cr.P.). We have considered the trial court's instructions and when read together as given by the trial court they fully and adequately advise the jury. The instructions as a whole given by the trial court were not erroneous and certainly do not violate the "plain error" rule, and appellant was not prejudiced by his trial counsel's failure to object to the court's giving such instructions.

Appellant further contends as error that in his § 2255 proceeding the trial court had no power to allow the parties to petition this Court to reinstate the dismissed appeal, that this Court had no authority to reinstate it and that the only legal relief within the trial court's or this Court's power to grant was and is to vacate appellant's 3-year sentence, the relief expressly provided in § 2255. As to that contended error, the federal courts have generally disposed of similar questions by applying to them authoritative decisions under the habeas corpus statute which provides that the matter is to be disposed of "as law and justice require" (28 U.S.C. § 2243).

In United States v. Hayman, 342 U.S. 205, 217, 72 S.Ct. 263, 271, 96 L.Ed. 232 (1952), after considering the provisions and legislative history of § 2255, the Supreme Court quoted from a "Statement" submitted by the Judicial Conference of the United States to the Chairmen of the House and the Senate Judiciary Committees which in part said that section " '[a]s a remedy * * * is intended to be as broad as habeas corpus' ". About ten years later in Hill v. United States, 368 U.S. 424, 427, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), the same court ruled that § 2255 "* * * was intended simply to provide in the

sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined". In Heflin v. United States, 358 U.S. 415, 421, 79 S. Ct. 451, 454, 3 L.Ed.2d 407 (1959) (Concurring Opinion), it was said: "The opinion in Hayman (supra) clearly shows that, 'the sole purpose' of the statute 'was to minimize the difficulties encountered in habeas corpus hearings by affording the *same rights* in another and more convenient forum' ". (Emphasis in context. Parenthesis added.)

■■ In view of the foregoing, this Court now rules that the habeas corpus statute's "law and justice" provision may be utilized in this § 2255 proceeding. We hold it proper in this case for the trial court to have permitted appellee to petition this Court to reinstate, and for this Court to order, as it did, the reinstatement of, the dismissed appeal, and this Court does now on the merits have jurisdiction of that reinstated appeal. It was lawful and just (1) for the trial court upon its finding that appellant was denied his right of appeal to permit "either or both parties" to petition this Court "to set aside the order of dismissal, reopen the appeal, and permit the appeal to be considered on its merits" (Exh. "A", appellant's Reply Brief), (2) for this Court to grant such petition of "either or both of the parties", and (3) pending the outcome of (1) and (2), for the trial court to defer final determination of appellant's § 2255 motion. As was said in LaFaver v. Turner, 10 Cir., 1965, 345 F.2d 519, 520, a habeas corpus case involving a situation analogous to this one, "* * * there can be no doubt of the power of the (trial) Court to so condition its order," and that is true in this § 2255 proceeding. (Parenthesis added.)

In this case No. 21347–A, we find no error and believe law and justice require that we affirm, and WE DO AFFIRM, the actions of the trial court and of this Court objected to by appellant in this case.

We turn now to case No. 22388. In two separate cases in the trial court appellant was convicted and sentenced to two 3-year consecutive sentences: one under the Dyer Act (18 U.S.C. § 2312) (which is involved also in our No. 21347–A), and the other case being under the Firearms Act (15 U.S.C. § 902(e)) charging appellant, a felon, with transporting a firearm in interstate commerce. This Court affirmed those convictions and sentences July 31, 1967. Thereafter, appellant, pursuant to Rule 35, F.R.Cr.P., filed in the trial court two motions: one for correction, and the other for reduction, of the sentences. The trial court modified the sentences so as to provide that "[t]he defendant shall be eligible for parole at such time as the Board of Parole shall determine, pursuant to Title 18 U.S.C. § 4208(a) (2)". Then appellant appealed in our case No. 22388 from those sentence modification orders charging that the trial court should have given but did not give defendant credit for the time he was in pre-sentence custody.

Appellant's contention is, however, negated by the record as follows:

" ' * * * of course there are a number of factors I am taking into consideration in the imposition of sentence. First of all is the fact that you have spent a little over eight months —I think it was September 21st up to now—a little over eight months in the county jail, and I want that to appear as a matter of record so that in the event you should later present a transcript of what is said here today to any other court it will appear you have served something over eight months. * * *' " (R. 15–16, Vol. I).

From the foregoing, it obviously appears that the trial court did give credit to appellant for the time of his pre-sentence custody. There is no merit in appellant's appeal in case No. 22388, and we AFFIRM.