**Truman Adonis WILLIAMS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23095.**

United States Court of Appeals
Ninth Circuit.

June 9, 1969.

Jerome J. Cate (argued), of Sandall, Moses & Cavan, Billings, Mont., for appellant.

Clifford Schleusner (argued), Asst. U.S. Atty., Moody Brickett, U.S. Atty., Arthur W. Ayers, Jr., Asst. U.S. Atty., Billings, Mont., for appellee.

Before BARNES and MERRILL, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM:

Appellant filed with the district court, under 28 U.S.C. § 2255 a motion to vacate, set aside or correct two sentences imposed by the Billings Division of the United States District Court for the District of Montana. These two sentences were in causes #315 and 316.

There were four grounds urged as the basis for the motion in the district court. Three of them were fully considered and decided in the court's memorandum opinion entered May 27, 1966, 254 F.Supp. 199, denying petitioner's motion for a new trial in cause #316.

The fourth ground was new—that appellant had been denied effective assistance of counsel on his appeal from his conviction in cause #316, because his appeal was dismissed in this court of appeals by petitioner's attorney, without any authority to so act. It was done, according to petitioner's attorney, so as not to prejudice the petitioner's stronger companion appeal and because counsel had been required to take an inconsistent position in the two cases.

The district court then ruled appellant was entitled to a hearing on his § 2255 charges, and heard the same on February 9, 1968, and made findings (C.T. 17A and 18), holding that appellant was denied his right of appeal under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and then stated:

"It appears to the court that either or both parties may properly petition the Court of Appeals to set aside the order of dismissal, reopen the appeal, and permit the appeal to be considered on its merits. Final action on petitioner's motion will be deferred pending such petition and action thereon by the Court of Appeals."

This court, on petition of the Government, set aside the dismissal of the appeal from the judgment in #316, and by opinion delivered August 15, 1968, 399 F.2d 492, ruled on the merits of #21,-347–A (the Dyer Act case) and #21,388 (the firearms case).

In that opinion, this court ruled that the precise procedures attacked in this

---

* Honorable Fred M. Taylor, Chief Judge, United States District Court, Boise, Idaho, sitting by designation.

appeal, including the district court's suspension of proceedings, were proper and in accordance with law. Williams v. United States, 399 F.2d 492 (9th Cir. 1968) (#21,347–A and #22,388). That opinion has become and now expresses the law of the case. Oklahoma v. Texas, 256 U.S. 70, 85, 41 S.Ct. 420, 65 L.Ed. 831 (1921); NLRB v. Brown & Root, Inc., 203 F.2d 139, 146 (8th Cir. 1953). The district court can not only grant the remedies listed in § 2255; it can also deny any remedy, and it can suspend proceedings to ascertain if the alleged wrong can be, and is, corrected. That is all the district judge did here.

Thus, the district court and this court have given appellant what he originally asked for—a judicial review of his convictions. He now attacks this procedure, for he now wants not judicial review, but his freedom. We find no basis in law or fact for any such result, and we affirm the denial of § 2255 relief below.