Theodore **XANTHULL**, Petitioner,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 67–G–141.

United States District Court
S. D. Texas,
Galveston Division.

Jan. 16, 1970.

See also D.C., 296 F.Supp. 129.

Frank B. Davis and Hugh M. Ray,
Andrews, Kurth, Campbell & Jones,
Houston, Tex. (court appointed), for pe-
titioner.

Crawford C. Martin, Atty. Gen., Rob-
ert C. Flowers and Charles R. Parrett,
Asst. Attys. Gen., Austin, Tex., for re-
spondent.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, a prisoner in state custody,
has filed a petition and supplemental pe-
tition seeking a writ of habeas corpus.
Respondent has filed his answer with
state court pleadings attached.

In his original petition Xanthull at-
tacked his state conviction for the fol-
lowing reasons: 1. that the state's in-
troduction into evidence of his involun-
tary confession denied his fifth and
sixth amendment rights; and 2. that
the state denied him a fair trial in that
he was forced to wear his jail uniform
during his jury trial although he re-
quested his own clothes. In open court
petitioner waived all other claims attack-
ing the validity of his state conviction.

The Court granted petitioner a full
oral evidentiary hearing on these issues.
In light of the law and the facts
presented at the hearing the original pe-
tition for habeas corpus is denied.

■■ Xanthull had the burden to es-
tablish the facts to support his constitu-
tional claims. Walker v. Beto, 387 F.2d
626, 627 (5th Cir.1967) (per curiam).
The evidence adduced at the hearing
failed to establish that his confession
was involuntary, likewise the evidence
failed to establish that petitioner was
physically abused or promised medical
treatment as an inducement to confess.

■ Petitioner's second ground for re-
lief rests on the proposition that jury
trial in a jail uniform is inherently preju-
dicial. To support his theory petitioner
relies on Brooks v. Texas, 381 F.2d 619
(5th Cir.1967) (alternate ground), and
the state cases cited in 21 Am.Jur.2d,
Criminal Law § 239 (1965). The Court
has examined these cases carefully, but
is persuaded by the reasoning in Mc-
Falls v. Peyton, 270 F.Supp. 577, 579

(W.D.Va.1967) aff'd, 401 F.2d 890 (4th Cir.1968) cert. denied, 394 U.S. 951, 89 S.Ct. 1292, 22 L.Ed.2d 486 (1969), that trial in a jail uniform is not inherently prejudicial. The court in *McFalls* reasoned that the petitioner in a habeas corpus case has the burden to establish how trial in a prison uniform prejudiced his right to a fair trial. *Cf.* Mallonee v. Lanier, 354 F.2d 940 (5th Cir.1966) (per curiam). In *McFalls* the court reasoned that a state judge has discretion in conducting his trial proceedings, and that the physical appearance of the accused during trial falls within that discretion. *Cf.* United States v. Greco, 186 F.Supp. 5, 7 (M.D.Penn.1960). The court concluded not to grant the writ of habeas corpus because there was no clear evidence of prejudice caused the accused by his trial in jail clothes. *Cf.* Gregory v. United States, 365 F.2d 203, 205 (8th Cir.1966) cert. denied, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967).

In contrast to *McFalls*, the question was discussed as an alternate ground for its holding by the Fifth Circuit in Brooks v. Texas, *supra*, 381 F.2d at 624. After stating the facts the court said:

> It is inherently unfair to try a defendant for crime while garbed in his jail uniform, especially when his civilian clothing is at hand. No insinuations, indications or implications suggesting guilt should be displayed before the jury, other than admissible evidence and permissible argument. This case is readily distinguishable from Mallonee v. Lanier, Warden, 5 Cir.1966, 354 F.2d 940, where there was no more than a showing of a possibility of injury, and from United States v. Greco, M.D.Pa.1960, 186 F. Supp. 5, where the district court was held justified in taking steps to manacle a convicted bank robber for security reasons.

In view of its summary disposition of the jail uniform question and the fact that the language used was in the alternative, this Court does not regard *Brooks* as being determinative here.

But assuming it might be some indication of the views of the Fifth Circuit, this Court is unable to determine from the quoted passage whether the court intended to say that it would be inherently prejudicial in every jury case, regardless of the facts, to try an individual in a prison uniform, or rather, that upon the facts there, such prejudice was apparent.

The opinion in *Brooks* commences with a lengthy statement of facts, which establishes that the court considered the specific facts there before concluding that Brooks had been prejudiced by his prison garb during his jury trial. The court distinguished the case before it from *Mallonee, supra,* which turned on petitioner's failure to prove prejudice. Had it intended to frame the universal rule asserted by Xanthull, this Court is of the opinion that the Fifth Circuit would have overruled *Mallonee,* not distinguished it.

When considered out of context, the first two sentences quoted above would appear to announce a universal rule of constitutional law binding in every case to which they apply. However, the last sentence shows that the court analyzed the facts in the case before it determined that Brooks was prejudiced. As a result of this factual determination, this Court is of the opinion that the first two sentences are dicta and not intended to pronounce a universal rule.

If *Brooks* could be construed to stand for the proposition that to try an accused in prison clothes is inherently prejudicial, this Court would respectfully decline to follow such rule pending a clear statement of it by the Fifth Circuit. Until constrained by unambiguous binding authority to the contrary, this Court will continue to analyze all the facts in each case before holding that an accused has been prejudiced and therefore denied a fair trial when tried before a jury in a prison uniform.

As in *McFalls*, Xanthull has failed to show this Court how he was prejudiced by his jury trial in jail clothes. The fact that he wore jail clothes during a

jury trial does not create a single negative inference. Many inferences could be drawn from such fact. It could be inferred that he was benefitted—not prejudiced—by the jail uniform, in that his appearance could have aroused the sympathy of the jury and mitigated the effect of the confession and other overwhelming direct evidence of his guilt. McFalls v. Peyton, *supra*.

■ The state introduced into evidence Xanthull's confession, admitting guilt, and a hammer found at the scene of the crime which contained his finger and palm prints. When the direct evidence of guilt includes a confession and is otherwise so overwhelming, it would be an abuse of the great writ to set aside a jury verdict solely because of the ambiguous fact that the petitioner was clad in his jail uniform during trial. Therefore it is this Court's opinion that Xanthull has not discharged his burden of proof here.

■ Additionally, assuming arguendo that Xanthull had a right to wear his civilian clothes during trial, this Court finds *beyond a reasonable doubt* that the state's denial of this right was harmless error. Harrington v. California, 395 U. S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966); *cf.* Luna v. Beto, 395 F.2d 35 (5th Cir.1968), cert. denied, 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568 (1969). The tenuous possibility that the jury might have been influenced for or against defendant's guilt in this case by his jail clothing is too frail a reed to rely upon as a predicate for setting aside the state court conviction. Xanthull's appearance in jail clothes, if it could be considered evidence, was at most cumulative under the circumstances of this case. This Court believes that the jury could not have been affected in its deliberations to any substantial degree adversely to petitioner, by his appearance in jail clothes at trial.

■ The right to wear civilian clothes during trial is not a constitutional right "so basic to a fair trial that [its] * * * infraction can never be treated as harmless error." Chapman v. California, *supra*, 386 U.S. at 23, 87 S.Ct. at 827–828.[1] In Harrington v. California, *supra*, the Supreme Court held that denial of the sixth amendment right to confront and to cross-examine a co-defendant whose confession was introduced into evidence[2] could be harmless error. Since an accused's appearance in prison clothing during a jury trial does not bear upon the determination of guilt more directly than a denial of the right to confront and to cross-examine a co-defendant, it is obvious that in some instances the denial of an accused's right to wear his own clothing during a jury trial could be harmless error. I find that if error at all, it was harmless here. *Cf.* Luna v. Beto, *supra*, 395 F.2d at 39, 40.

In his supplemental petition Xanthull raises questions which he has not litigated in state court.[3] This Court does not approve piecemeal litigation. Accordingly, judgment will not be entered until Xanthull has exhausted all state remedies on all of his claims, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963); *cf.* Wheeler v. Beto, 407 F.2d 816 (5th Cir.1969) (per curiam), pending which this Court will retain jurisdiction over this case.

1. The court in Chapman, supra, 386 U.S. at 23, 87 S.Ct. at n. 8, lists the following as examples of rights whose breach can never be harmless error: use of a coerced confession; denial of the right to counsel; and the right to an impartial judge.

2. This right was established by the court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

3. In his supplemental petition Xanthull attacks the state procedures used to compute his time spent in prison.