George James COOK, Petitioner-
Appellant,

v.

Dr. George J. BETO, Director, Texas De-
partment of Corrections, Respondent-
Appellee.

No. 28741

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 19, 1970.

George James Cook, pro se.

Charles R. Parrett, Asst. Atty. Gen. of Texas, Lonny F. Zwiener, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Pat Bailey, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

George James Cook appeals from the district court's denial, after an evidentiary hearing, of his petition for habeas corpus. We affirm the judgment below.[1]

The appellant is confined by virtue of a sentence of life imprisonment which was imposed on January 15, 1962, by the Criminal District Court of Harris County, Texas, following his conviction upon

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

trial by jury of robbery by assault, and with a prior conviction for felony theft alleged and established for enhancement. Upon direct appeal, the judgment was affirmed. Cook v. State, Tex.Cr.App.1963, 366 S.W.2d 582.

The appellant contends that (1) he was denied effective assistance of counsel at his original trial; (2) his confession was involuntary and therefore should not have been admitted in evidence against him; (3) he was denied a separate hearing as to the voluntariness of his confession; and (4) it was prejudicial error to bring his co-defendant (who was not then on trial) into court in jail clothing for witnesses to identify as one of the two men who committed the robbery.

 The district court appointed counsel to represent the appellant. After the evidentiary hearing, the court held that the appellant's confession was freely and voluntarily given, and that he was not then suffering from narcotic withdrawal as he claimed. Rule 52(a), F.R. Civ.P., provides that the findings of fact of the district court are not to be set aside upon appeal unless they are "clearly erroneous." See Kimbrough v. Beto, 5 Cir., 1969, 412 F.2d 981. The district court's findings here are supported by the record. It is also clear from the record that there was a separate hearing outside the presence of the jury, as to the voluntariness of the confession. The procedure followed was in accord with the requirement of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

The district court also held that there was no merit in the contention that appellant was denied effective representation of counsel at his trial. The trial transcript demonstrates the correctness of this ruling. Cf. Mosley v. Smith, 5 Cir., 1968, 404 F.2d 346; Horsley v. Simpson, 5 Cir., 1968, 400 F.2d 708; Williams v. Beto, 5 Cir., 1965, 354 F.2d 698.

The district court found as a fact that the appellant's co-defendant was dressed in jail clothing when he was brought into the courtroom for identification, but held that this resulted in no prejudice to the appellant and did not constitute grounds for federal habeas corpus relief. We agree. Cf. Mallonee v. Lanier, 5 Cir., 1966, 354 F.2d 940; Gregory v. United States, 8 Cir., 1966, 365 F.2d 203.

The judgment of the district court is affirmed.