**Truman Adonis WILLIAMS, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 23399.**

United States Court of Appeals, Ninth Circuit.

April 30, 1970.

Ronald Fenolio (argued), Oakland, Cal., for petitioner-appellant.

Joseph Jenckes, Asst. U. S. Atty., Boody Brickett, U. S. Atty., Arthur W. Ayers, Jr., Asst. U. S. Atty., Billings, Mont., for respondent-appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

BARNES, Circuit Judge:

The issue on this appeal is the validity of orders emanating from the United States District Court for the District of Montana, entered June 4, 1968 and July 2, 1968, denying appellant's motion under 28 U.S.C. § 2255 to vacate and set aside his sentence and judgment. Our appellate jurisdiction depends upon 28 U.S.C. §§ 1291 and 1294.

Appellant, who has been in this court previously (381 F.2d 382 (1967); 399 F.2d 492 (1968); and 411 F.2d 1183 (1969)), raises several distinct constitutional issues by way of his "2255 motion." With the exception of his challenge to the constitutionality of the statute under which he was convicted (15 U.S.C. § 902(e)), all of these issues have been previously considered on the merits and determined against him.[1]

■ Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed. 2d 148 (1963) gives us guidelines for exercising the discretion afforded by § 2255 when we entertain "second or successive motion[s] for similar relief." We approve the lower court's refusal to redetermine these previously-decided issues.

Three theories are advanced by appellant urging the lack of constitutionality of 15 U.S.C. § 902(e). Section 902(e) provided (before it was repealed in June of 1968 by Pub.L. 90–351, Title IV, § 906, 82 Stat. 234):

"(e) It shall be unlawful for any person who is under indictment or who has been convicted of a crime punishable by imprisonment for a term exceeding one year or who is a fugitive [sic] from justice to ship, transport, or cause to be shipped or transported in interstate commerce any firearm or ammunition."

Appellant claims that the section (1) conflicted with substantive due process, (2) was an ex post facto law, and (3) was a bill of attainder. The district court correctly rejected each of appellant's theories.

Regarding the due process point, appellant claims there is an insufficient rational nexus between the interest of the state in protecting the public from a person with known violent propensities and the 902(e) prohibition covering anyone indicted for or convicted of a crime carrying a possible penalty of imprisonment for more than one year. That part of the section, argues appellant, included many persons neither indicted for nor convicted of *a crime of violence*. Appellant cites as examples Calif. Penal Code § 425 (felony for a public officer charged with receiving and the safe keeping of public funds to neglect to pay over the same in the manner provided by law); *id.* §§ 631 and 632 (felony to bribe an officer of a financial institution for the purposes of obtaining credit).

■ Apparently Congress believed that although not every crime carrying a maximum sentence of more than one year is a crime of violence, the indictment for or conviction of any such crime is so often indicative of a propensity for violence that the 902(e) prohibition was justifiable in the public interest. *See* 1961 U.S.Code Cong. & Ad.News, p. 3067.[2] We are not inclined to overturn

1. C.T. 35; *see* Billings Criminal No. 316 (filed May 27, 1966); Billings Civil No. 708 (filed January 5, 1968).

The previously considered legal contentions urged here concern the following alleged denials of procedural due process: (1) detention of appellant for 24–29 days without benefit of either a hearing or requested counsel; (2) use at trial by the Government of a statement obtained from appellant during that 24–29 day period; (3) ineffective assistance of counsel on appeal in that certain points appellant

wished to have raised were not so raised; (4) variance between the indictment and the facts; and (5) introduction at trial before the jury (pursuant to 15 U.S.C. § 902(e)) of evidence of appellant's prior conviction.

2. Appellant does not direct his attack at the part of the section covering "a fugitive [sic] from justice." However, the fact that fugitives, whether indicted or convicted or not, were included within the section further indicates the great im-

a legislative judgment based on such a viewpoint:

> "This Court is governed by the fundamental rule of statutory construction that a presumption of validity attaches to an Act of Congress, and that such presumption is not lightly overcome. [citing cases] So long as a rationally sound basis exists for the congressional determination or classification, that determination is within the constitutional power of Congress. [citing cases] It is a matter of legislative judgment." (United States v. DePugh, 266 F.Supp. 453 (W.D.Mo. 1967).)

Thus, appellant's due process claim was properly rejected by the district court.

 Appellant reasons that 902(e), as applied to him, was an ex post facto law since it became effective *after* he was convicted and sentenced, thus inflicting a greater punishment than the law annexed to the crime when committed. Calder v. Bull, 3 Dall (3 U.S.) 386, 390, 1 L.Ed. 648 (1798). Conceding that 902(e) was civil rather than penal legislation, appellant urges that the ex post facto clause nevertheless prevents the retroactive imposition of civil disabilities. *See* Cummings v. Missouri, 4 Wall. (71 U.S.) 277, 322, 18 L.Ed. 356 (1866) ("Punishment * * * also [embraces] deprivation or suspension of political or civil rights * * *."). However, the most substantial and the more recent line of authority is to the contrary. Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1954) (ex post facto clause has no application to deportation laws); Harisiades v. Shaughnessy, 342 U.S. 580, 593–596, 72 S.Ct. 512, 96 L.Ed. 586 (1952) (same); Smith v. United States, 312 F.2d 119 (10th Cir. 1963) (902(e) not violative of the ex post facto clause); Cases v. United States, 131 F.2d 916 (1st Cir.), cert. denied sub nom., Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1942) (same).

 Appellant's final contention is that 902(e) was a bill of attainder—a legislative act which is unconstitutional because it inflicts punishment without a judicial trial. Cummings v. Missouri, *supra*, 4 Wall. (71 U.S.) at 323, 18 L.Ed. 356. However, as the court below noted, "[u]nder the Federal Firearms Act there is no absence of trial since both the prior conviction and the transportation in interstate commerce must be judicially established." (C.T. 51.)

The district court was correct in finding that appellant's contentions lacked merit and that he is not entitled to relief.

The ruling below is affirmed.

---

portance that Congress attached to a broad application of the gun-carrying pro-

hibition as a means of counteracting crime and racketeering.