UNITED STATES of America,
Appellee,

v.

Patrick Vincent BUTLER, Defendant,
Appellant.

No. 7452.

United States Court of Appeals,
First Circuit.

Nov. 23, 1970.

Joseph T. Travaline, Somerville, Mass., by appointment of the Court, with whom Edward S. Guidoboni, Somerville, Mass., was on brief, for appellant.

Frederick W. Faerber, Jr., Asst. U. S. Atty., with whom Lincoln C. Almond, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This appeal from a conviction for bank robbery was heard at our last term of court. We remanded the case for findings relative to one of defendant's contentions that a nine months delay between indictment and arraignment constituted a deprivation of his constitutional right to a speedy trial. The indictment was returned on September 27, 1968, but the defendant was not arraigned until June 17, 1969, and then only after he had written to the United States Attorney on May 24 demanding arraignment. The government offered no reason for the delay other than the fact that the defendant was already in Federal custody serving a sentence that had several years to run and therefore was not harmed by the delay.

Defendant was represented at the June 17 proceeding by a Massachusetts attorney named Travaline who entered his appearance in the case on that date. He later stated that he was not retained in connection with the case until June 14. It appeared, however, that in writing to the United States Marshal in Rhode Island on January 21, 1969, for a copy of the indictment, Travaline identified himself as attorney for the defendant. In view of the uncertainty surrounding this issue and the lack of a proper record and of findings by the district court, we remanded the case "for the purpose of finding and reporting back to us Attorney Travaline's full relationship with the defendant in this and other cases and defendant's awareness or lack of awareness of his right to a speedy trial." United States v. Butler, 426 F.2d 1275, 1279 (1st Cir. 1970).

On remand, the district court held a full evidentiary hearing at which both Travaline and the defendant testified. On the evidence adduced, the court found that Attorney Travaline had represented the defendant in at least two previous criminal cases in Massachusetts but in late December 1968 or early January 1969 informed the defendant that he would not represent him in any pending criminal cases unless he was paid a retainer; that he did agree, however, to obtain for the defendant copies of various pending indictments and/or detainers against him and pursuant to this, wrote to the Marshal in January 1969 for a copy of the indictment in the instant case. Also, on the basis of the uncontradicted testimony, the court found

that due to the lack of a fee arrangement, Travaline refused to represent the defendant in the instant case until on or about June 14, 1969, when defendant's wife finally prevailed upon him to do so. After a review of the transcript we are satisfied that the above stated findings are amply supported by the evidence.

The district court also found that the defendant was aware of his right to a speedy trial and that he was diligent in seeking to get that right exercised. Even if the court was correct in finding diligence on the part of the defendant, as to which we might have some question in the light of his failure to pursue his known right to obtain court-appointed counsel, and while we still feel that the nine months delay between indictment and arraignment was overly long, neither the record at trial nor on remand revealed any prejudice to the defendant. United States v. DeLeo, 422 F.2d 487, 495 (1st Cir.), cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970); Carroll v. United States, 392 F.2d 185 (1st Cir. 1968). Cf. Fleming v. United States, 378 F.2d 502 (1st Cir. 1967).

Judgment of conviction affirmed.