**Ralph LeRoy KLINGLER, Petitioner,**

v.

**Donald R. ERICKSON, as the duly appointed, qualified and acting Warden of the South Dakota State Penitentiary, Respondent.**

**Civ. 71–33S.**

United States District Court,
D. South Dakota, S. D.
July 13, 1971.

Michael A. Lyons, of John L. Wilds Law Office, Sioux Falls, S. D., for petitioner.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for the United States.

## MEMORANDUM DECISION.

NICHOL, Chief Judge.

On January 4, 1968, petitioner was convicted by a jury of interstate transportation of a firearm by a convicted felon in violation of 15 U.S.C. Sec. 902(e). At the time of his trial in federal court petitioner was serving a ten year state sentence for armed robbery. Upon his conviction of violating 15 U.S. C. Sec. 902(e), petitioner received a four year sentence which is to run consecutively to the state court sentence for armed robbery which he is currently still serving. See Klingler v. United States, 409 F.2d 299, cert. den. 396 U.S. 859 (8th Cir. 1969).

Petitioner has filed a petition for habeas corpus relief pursuant to 28 U.S.C.

A. Sec. 2255, seeking to have his federal conviction set aside on the following grounds: (1) that he was denied a fair trial because he was tried before a jury while dressed in prison garb; (2) that his prison clothes "served as a badge" for identification witnesses who might have otherwise been unable to identify him; (3) that his right to bear arms guaranteed by the Second Amendment was violated by his conviction under 15 U.S.C. Sec. 902(e); (4) that 15 U.S.C. Sec. 902(e) is invalid as an ex post facto law; and (5) that he was denied equal protection of the law by the imposition of a consecutive federal sentence since the state and federal convictions arose out of the same transaction. An evidentiary hearing was held before this court on April 16, 1971, at which time testimony by petitioner was received.

■ Petitioner was tried before a jury while dressed in prison clothes. The mere fact of trial before a jury while so attired does not alone constitute reversible error. The petitioner has the burden of establishing the manner in which trial in a prison uniform prejudiced his rights. Xanthull v. Beto, 307 F.Supp. 903 (D.C.Tex.1970); McFalls v. Peyton, 270 F.Supp. 577, Aff'd. 401 F.2d 890, cert. den. 394 U.S. 951, 89 S.Ct. 1292, 22 L.Ed.2d 486 (W.D.Va.1967); *see also*, Gregory v. United States, 365 F.2d 203, cert. den. 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (8th Cir. 1966). The petitioner has failed to sustain this burden.

■ Petitioner testified that the prison clothing consisted of a gray shirt, a gray jacket, and gray pants. There were no distinctive marks or labels on the clothing that would indicate that they belonged to the South Dakota State Penitentiary. Petitioner's counsel failed to object to his appearing before the jury attired in that manner. There is no showing that any of the witnesses or jurors knew that Klingler was in fact in prison uniform. There is also no showing in the record that the jury was adversely affected by the mode of petitioner's dress or that any of the in court witness identifications were based on petitioner's dress.

In addition, overwhelming evidence of petitioner's guilt of the crime in question was introduced at trial. Much of the evidence was not dependent in any way upon an identification of the petitioner. Assuming that the trial of petitioner in prison clothing was in violation of his Constitutional Rights, this court finds beyond a reasonable doubt that the error was harmless. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966).

■■ Petitioner's remaining grounds for relief are without merit. 15 U.S.C. Sec. 902(e) is not violative of the Second Amendment or invalid as an ex post facto law. Stevens v. United States, 440 F.2d 144 (6th Cir. 1971); United States v. Synnes, 438 F.2d 764, 772 (8th Cir. 1971); Williams v. United States, 426 F.2d 253 (9th Cir. 1970). The imposition of a consecutive sentence was clearly within the court's discretion, separate offenses having been established. Johnson v. United States, 422 F.2d 1329 (8th Cir. 1970); Williams v. Taylor, 327 F.2d 322, cert. den. 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051 (10th Cir. 1964).

The petition for habeas corpus relief is denied. This memorandum decision shall constitute the findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.