Tommy Paul MOORE, Petitioner,

v.

Jim ROSE, etc., Respondent.

Civ. A. No. 2973.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 10, 1972.

Supplemental Opinion Jan. 4, 1973.

Tommy Paul Moore, pro se.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a *pro se* application for the federal writ of habeas corpus by the petitioner Mr. Tommy Paul Moore, who is in the custody of the respondent warden pursuant to the judgment of July 7, 1970 of the Criminal Court of Sullivan County, Tennessee. He claims he is in such custody in violation of his federal constitutional rights to due process and the equal protection of the law, 28 U.S. C. § 2254(a), in that (a) the prosecuting attorney in the criminal proceeding in which he was convicted made prejudicial remarks to the jury, and (b) that he was thus tried while clothed in "prison garb." Although Mr. Moore does not state that he presented these same questions to the courts of Tennessee, he alleges that the judgment of his conviction was affirmed by the Court of Criminal Appeals of Tennessee, after which certiorari was denied by the Tennessee Supreme Court. The Court assumes, without deciding, that Mr. Moore has exhausted his state remedies. 28 U.S.C. § 2254(b), (c).

■ Mr. Moore claims that the prosecuting attorney stated to the jury in his case:

\* \* \* \* \* \*

Gentlemen, I see no reason in the world why this man should not receive the maximum punishment of five (5) years in the case. I see every reason in the world that he should receive that type of punishment, and if there is any reason why he should not receive the maximum punishment, Mr. Culbertson [defense counsel] has the opportunity now to answer my argument and tell you why he should not be punished to that extent. Thank you, gentlemen. \* \* \*

This was a proper expression from the prosecuting attorney. The jury had the responsibility, in addition to determining the petitioner's guilt or innocence, if the finding was that of guilt, to fix the maximum term of the convicted defendant. T.C.A. § 40–2707. Matters pertaining to the propriety of a prosecutor's argument must ordinarily be asserted upon appeal, and are not grounds for habeas corpus relief unless they rise to the level of a denial of a constitutional right of the accused. Keener v. State of Tennessee, D.C.Tenn. (1968), 281 F. Supp. 964, 968 [7]. The general rule to be applied in determining whether improper conduct of a prosecuting attorney requires judicial intervention is whether the improper conduct could have affected the verdict to the prejudice of the accused. Harrington v. State (1965), 215 Tenn. 338, 340 [3], 385 S.W.2d 758, 759. This Court finds nothing in the claim of the petitioner to warrant an inference that the statements of the prosecutor constituted misconduct. As to this issue, the petitioner hereby is denied all relief. Rule 58(1), Federal Rules of Civil Procedure.

There appears to be a divergence of judicial opinion as to whether the compelling of a criminal defendant to stand trial in prison clothing constitutes such a denial of the federal due process of law guaranteed by the Constitution, Fourteenth Amendment, as would compel this Court to grant the writ of habeas corpus. Cf.: McFalls v. Peyton, D.C.Va. (1967), 270 F.Supp. 577, 579–580 [1, 2], citing Gregory v. United States, C.A. 8th (1966), 365 F.2d 203, 205; Dennis v. Dees, D.C.La. (1968), 278 F.Supp. 354, 358–359 [6], citing Eaddy v. People (1946), 115 Colo. 488, 174 P.2d 717; May v. Peyton, D.C.Va. (1967), 268 F.Supp. 928, 931 [9], reversed on other grounds, C.A. 4th (1968), 398 F.2d 476. As to this claim of the petitioner Mr. Moore, the respondent will show cause within 40 days herefrom, 28 U.S.C. § 2243; Rule 81(a)(2), Federal Rules of Civil Procedure, why the federal writ of habeas corpus should not be granted.

## SUPPLEMENTAL OPINION AND CERTIFICATE

The Court reserved the question herein, whether the applicant's federal constitutional rights were infringed by his being put to trial under an indictment while dressed in prison clothing. See memorandum opinion and order herein of November 10, 1972. The respondent, in response to a show cause order, moved for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure.

■ The applicant Mr. Moore claims he was put to trial in "prison garb," while the trial judge found that " \* \* \* the clothes worn by the defendant [applicant, here] were not obviously prison clothes \* \* \*." Thus, a contested issue of fact is extant between the parties hereto. However, even so, this Court is of the opinion that the applicant is not entitled to relief on this issue.

The applicant made no objection to being put to trial in the clothing he was wearing, whatever it may have been. State of Tennessee v. Tommy Paul Moore, no. 5365BL in the Criminal Court of Sullivan County, Tennessee, order of September 20, 1971 denying a defense motion for a new trial; see also Tommy Paul Moore, plaintiff-in-error, v. State of Tennessee, defendant-in-error, no. 119 in the Court of Criminal Appeals

of Tennessee, opinion filed July 3, 1972, p. 3.

As this Court recently observed regarding a similar claim:

\* \* \* \* \* \*

Being " \* \* \* tried in a jail uniform is not inherently prejudicial. \* \* \* " Xanthull v. Beto, D.C.Tex. (1970), 307 F.Supp. 903, 904–905 [3]. " \* \* \* [A] defendant may not sleep on his rights and then cry foul when that appears to be to his advantage. \* \* \* " United States v. Butler, C.A. 1st (1970), 426 F.2d 1275, 1278 [5], appeal after remand, 434 F.2d 243, certiorari denied (1971), 401 U.S. 978, 91 S.Ct. 1207, 28 L.Ed.2d 328. \* \* \*

Don Lee Hancock v. Jimmy H. Rose, Etc., D.C.Tenn. (1972), civil action no. 1147, this district, Winchester Division, memorandum opinion and certificate of December 29, 1972.\* Further, the applicant was being tried at the time complained of under an indictment charging him with having escaped jail. Thus, the jurors were aware during the trial that he had been an inmate of a penal institution, and his appearance during his trial in prison clothing (even if such be the fact) could not have prejudiced him as an inmate of a penal institution in the eyes of the jury.

This Court is of the opinion that, even if the applicant is able to show he was put to trial in prison clothing for the offense for which he is now incarcerated, he lost his procedural right by failing to assert it in a timely manner. The applicant hereby is denied relief on this remaining issue. Rule 58(1), Federal Rules of Civil Procedure.

Should the applicant give timely notice of an appeal from the judgments herein, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as

\* *Cf.* Dennis v. Dees, D.C.La. (1968), 278 F.Supp. 354, 359 [6], where the defendant was forced, " \* \* \* against his

an application for a certificate of probable cause. As only questions of law are presented, such certificate will in that event issue. Rule 22(b), Federal Rules of Appellate Procedure.

will, to stand trial before a jury dressed in striped prison garb \* \* \*."