James Frasia MAY, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

No. 66–C–23–C.

United States District Court
W. D. Virginia,
Charlottesville Division.

April 24, 1967.

Order May 9, 1967.

Reno S. Harp, Asst. Atty. Gen., of Virginia, Richmond, Va., for respondent.

## MEMORANDUM ORDER

MICHIE, District Judge.

Following entry of a plea of not guilty and a trial by jury in the Circuit Court of Albemarle County in June of 1965, the above-named prisoner was convicted and sentenced to twenty years imprisonment for armed robbery. An earlier conviction arising out of the same circumstances had been set aside and the sentence declared null and void.

█ Though he is not now serving the twenty year sentence resulting from his 1965 armed robbery conviction, his attack on that conviction is not considered premature. Since his armed robbery sentence affects his present eligibility for parole, the Fourth Circuit considers May to be "in custody" within the meaning of 28 U.S.C. § 2241. The armed robbery sentence under these circumstances, if invalid, is a wrongful restraint of his liberty. Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965). See also, Williams v. Peyton, 372 F.2d 216 (4th Cir. 1967).

█ Proceeding under the assumption that a scatter gun is more likely to hit something than a rifle, petitioner has not bothered to restrict the number of allegations fired at the Court whether they be of merit or not. Typical of the frivolous contentions advanced by May is his initial one. He claims that his armed robbery conviction should fall because he was denied a preliminary hearing. A second preliminary hearing was not given petitioner in 1965 as he was already indicted pursuant to the 1958 preliminary hearing concerning the same charges. Judge Sobeloff's words in regard to another case apply equally as well to the present litigation:

> The further claim of the appellant that he was denied his constitutional rights because no preliminary hearing was held in his case is without merit. * * * The Virginia Statute does not require a preliminary hearing after

indictment. Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963), interpreting section 19.1–163.1 of the Code of Virginia (1960 Repl. Vol.). Nor does it appear that the appellant was in any way prejudiced by the omission of a preliminary hearing.

Braxton v. Peyton, 365 F.2d 563, 565 (4th Cir. 1966).

 Petitioner alleges that his 1965 conviction is contrary to the law and evidence. He also complains of the trial judge's failure to exclude hearsay evidence. Ordinarily, neither contention is a proper basis for habeas corpus relief. These allegations should be made and examined on direct appeal and unless a conviction is so totally devoid of evidentiary support as to be a violation of due process, should not be considered in a collateral attack. See e. g., Hamilton v. State of North Carolina, 260 F.Supp. 632, 634 (D.C.N.C.1966). Having examined the transcript of the trial proceedings which I hereby designate as part of the official record, I certainly cannot say the conviction is so devoid of evidentiary support as to be a violation of due process. Petitioner also claims that he was not allowed to make a plea of his own choosing. According to him, the trial court forced him to make a plea identical to the one made in his 1958 trial. Even if this were true, since the plea in both instances was "not guilty", the petitioner was not prejudiced.

 May's next contention is that the prosecutor refused to let him waive a trial by jury. Apparently, such a denial is supposed to be tantamount to a denial of a constitutional right. But existence of an absolute right to a trial by jury in a criminal case does not *a fortiori* lead to the conclusion that one has a right of similar import to forgo a trial by jury. In fact, the Supreme Court made it clear in Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) that an accused has no absolute right to choose between alternate methods of trial. In that case Singer challenged the constitutionality of Rule 23(a) of the Federal Rules of Criminal Procedure which requires the government's consent before a suspect is allowed waiver of trial by jury. After tracing the origin of trial by jury from the older procedures of compurgation, ordeal, and battles through its development under the English Common Law, then under the Colonial Experience, to our present procedures under the Constitution, the Court said page 36, 85 S.Ct. page 790:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.

It is axiomatic that if a federal prisoner has no absolute right to waive a jury trial, a state prisoner is in no better position assuming state law also makes waiver contingent on approval by the prosecutor. Virginia law provides for just such a contingency. Virginia Constitution § 8, § 19.1–192 of the Code of Virginia. See Boaze v. Commonwealth, 165 Va. 786, 183 S.E. 263 (1936).

 Petitioner has failed to exhaust his state remedies concerning allegations made in his supplemental petition that he has not been credited with time illegally served. In his "Reply", May fires one last shot. He claims that the respondent and the Circuit Court of Albemarle County have conspired to juggle sentence terms out of their proper sequence. This allegation need not be dignified by extensive discussion. Suffice it to say that this contention is meritless, frivolous and furthermore, cannot be

considered by this Court until it has been presented to the state courts. May must exhaust his state remedies with respect to this allegation also.

Accordingly, it is

#### Ordered

that the prisoner's petition for a writ of habeas corpus is denied and it is further

#### Ordered

that the petitioner be and he hereby is granted leave to proceed on appeal in forma pauperis, from this order.

It appearing to the court that the petitioner raises no substantial question, it is further

#### Ordered

that, if the petitioner wishes to appeal, an application for a certificate of probable cause will be denied by this court.

If the petitioner wishes to appeal, he must file written notice of appeal with this court within thirty days from the entry of this order and, if he does file such notice, the Clerk of this court is directed to transmit the record on appeal to the United States Court of Appeals for the Fourth Circuit.

#### ORDER

James Frasia May filed a petition for habeas corpus in this court late in the year of 1966. During a period of approximately four and one-half months various state records were requested and received, a response was filed, and petitioner filed a supplemental petition and later, a "Reply". When a decision unfavorable to the petitioner was rendered on April 24, 1967, he suddenly decided that his original pleadings were neither "complete nor explanatory of the facts relating to [the] issues." He filed a Motion to Reopen asking the court to set aside its judgment of April 24th explaining that the alleged incompleteness of his petition results from the fact that he "is a functional illiterate, untrained in the law, and must depend upon assistance from such sources as may be available in the prison in lieu of professional legal talent."

Petitioner abandons the issues previously raised concerning his right to a second preliminary hearing and inability to waive a jury trial. The contentions that he would have the court consider now do not furnish any proper ground for reopening the case. I do not find the fact that he was dressed in prison clothes at the time of his criminal trial to be so prejudicial as to rise to the level of a deprivation of due process. Furthermore, regardless of the prejudice involved, this allegation has not been exhausted in the state courts. Nor has he exhausted his state remedies in regard to the alleged defective indictment mentioned in paragraph five of the motion to reopen. And the prejudicial remarks supposedly made by the prosecuting attorney at the time of trial are not properly reviewable in a habeas corpus proceeding. The record shows petitioner's allegation that his counsel was ineffective to be without basis in fact. Finally, petitioner has not exhausted his state remedies as required by 28 U.S.C. § 2254 with respect to his involuntary servitude argument and the alleged "juggling of sentences." It is well established that a state prisoner cannot escape the exhaustion requirement by claiming that his charge is cognizable under 42 U.S.C. § 1983 (deprivation of civil rights). Johnson v. Walker, 317 F.2d 418 (5th Cir. 1963); Gaito v. Strauss, 249 F.Supp. 923, 930 (D.C.Pa.1966).

In accordance with the above, it is ordered that petitioner's motion to reopen his case is hereby denied.

It is further ordered that this court's original Memorandum Order shall be treated as having been entered on the same date as the present order is entered.