**William E. HALL, Petitioner,**

v.

**James D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–65–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Feb. 16, 1971.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case arises on a petition for a writ of habeas corpus which has been filed in forma pauperis and transferred to this district by order of the United States District Court for the Eastern District of Virginia.

Hall alleges that two convictions of breaking and entering and grand larceny were obtained by unconstitutional means. At the trial of these offenses the petitioner was represented by two court-appointed attorneys. He pled not guilty to both charges and was tried by a jury, which imposed consecutive sentences of two and three years on the convictions. After the sentences were announced the petitioner indicated a desire to appeal and the court appointed one of the two attorneys to prepare a petition for a writ of error to the Supreme Court of Appeals of Virginia. This was done but a writ of error was denied.

The petitioner raises two issues in this action. First, he contends that he was unfairly prejudiced by the trial court's refusal to furnish him civilian clothes in the stead of his prison uni-

form. Second, on the morning of the trial the court refused to grant a continuance so that the defendant could obtain a witness who was an alleged accomplice in the crimes. Both of these points were raised in the trial court and on direct appeal. Therefore, the court concludes that the petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254.

Although Hall had been brought back from the penitentiary to the local jail several days before trial, the record indicates that he did not make known his desire for civilian clothes until the beginning of the trial. He did not advise his attorneys of his desire and although he apparently had some relatives in the area, he did not attempt to obtain clothing from them. Hall told the trial judge that he was a pauper and asked that the court furnish him with civilian clothing for the trial. The court responded that it would permit the defendant to wear civilian clothes furnished him by an outside party but that it would not require the Commonwealth to supply the clothing to him.

██ The court does not believe that this bare allegation is sufficient to entitle the petitioner to relief. The fact that the defendant was dressed in a prison uniform was not so prejudicial as to deprive him of due process of law. *See* May v. Peyton, 268 F.Supp. 928 (W.D.Va.1967), rev'd on other grounds, 398 F.2d 476 (4th Cir. 1968); Yates v. Peyton, 207 Va. 91, 147 S.E.2d 767 (1966). In fact there is no objective fact which indicates that the jury was prejudiced by the sight of the prison clothing. The court's conclusion is not changed by the fact that Hall could have purchased civilian clothing for himself if he had possessed the money. If Hall were denied the right to wear civilian clothing solely because of his poverty, it was not that kind of denial of a fundamental right which the Commonwealth was obligated to redress. *See generally* Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). There must

be a dividing line at some point on this problem and in the absence of any showing of prejudice, the denial of civilian clothing did not deprive the petitioner of due process. Furthermore, it seems that Hall would have contacted his attorneys or his family before trial about this problem if it had actually been that important to him.

Next to be considered is the petitioner's contention that the court should have granted a continuance to allow him to obtain a material witness, one Alton Moran. Counsel for Hall represented that this witness would contradict one of the primary prosecution witnesses. At the trial one Sowers testified that he was riding around with Hall and Moran on the night of the crime and that Hall, who was driving, parked the car across the street from Mick's Barbeque, which was the store where the breaking and entering and larceny occurred. Sowers testified that he remained in the car while the two others crossed the street, but he did not see where they went. About fifteen or twenty minutes later the two returned with a box, which they put into the trunk, a paper bag, which Hall put under the driver's seat, and some Fifth Avenue candy bars, which Hall put on the dashboard. The owner of Mick's Barbeque testified that some Fifth Avenue candy bars were among the items taken from the store. In asking for a continuance, counsel stated that Moran would testify that he and Sowers had been together on the night in question but that the defendant Hall had not been with them. It was stated that a subpoena had not been issued because it was believed that Moran had fled the state as a fugitive, that a capias had been outstanding against him, and that service could not have been made. It was further stated that the defendant had learned only two or three days before trial that Moran had returned to the state, been captured, and then incarcerated in the state penitentiary.

The record indicates that a previous continuance had been granted and that

the court held a hearing on September 7, 1967 to determine what witnesses Hall wanted brought back from the penitentiary to testify. Eight or nine prisoners were brought back and it was contended at the time of the hearing that several of these were needed to contradict Sowers' testimony on the basis of statements they had heard him make in jail. At the trial itself Hall instructed his attorneys that he wanted the case to go to the jury solely on the evidence presented by the Commonwealth, which was not limited to Sowers' testimony. None of the petitioner's witnesses testified.

Before ruling on the motion for a continuance, the court inquired of the defense attorneys whether they had been prepared to go to trial before learning of the possibility of obtaining Moran as a witness. They answered in the affirmative and they implied that they had been willing to proceed without any objection to the court against their client being tried in the absence of a material witness. The general principles governing the granting of continuances in situations of this kind have been stated:

> A motion for continuance, based on the absence of a material witness, calls for a showing satisfactory to the trial court that due diligence has been exercised to procure the attendance of the witness; that this testimony is material; that the same facts cannot be proved by any other witness in attendance; that the movant cannot safely go to trial in the absence of such witness; and that there is a probability of procuring the attendance of the witness, or his deposition, if the cause is continued.

State v. Simmons, 130 W.Va. 33, 42 S.E.2d 827, 831 (1947).

A motion for continuance is addressed to the sound discretion of the trial court and it is not believed that the petitioner has borne his burden of proving that the denial of his motion deprived him of due process of law. Although it was contended that Moran would contradict Sowers' testimony, the other witnesses who were supposed to contradict Sowers were not even called to testify. There is nothing to indicate that Hall would have called Moran to testify either. Hall was satisfied for the case to go to the jury without any defense on his part being made. The facts also remain that the petitioner did not inform the court prior to trial about the Moran situation and that the petitioner did not cause a subpoena to issue for Moran on the chance that it could be served. Under all of these circumstances the court finds that the petitioner was not deprived of due process when his motion for a continuance was denied.

In view of the court's conclusions set forth above, the petitioner is not entitled to relief. It is adjudged and ordered that the petition for a writ of habeas corpus is dismissed.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1) the judgment, order or part thereof appealed from;

2) the party or parties taking the appeal; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.