PRESLEY ALLEN HILL, JR. *v.* STATE OF ARKANSAS

5647                                    472 S.W. 2d 722

Opinion delivered November 8, 1971

*Odell C. Carter,* for appellant.

*Ray Thornton,* Attorney General, for appellee.

J. FRED JONES, Justice. Presley Allen Hill, Jr. was convicted of first degree murder in the Lincoln County Circuit Court and was sentenced to life imprisonment. On appeal to this court he relies on the following points for reversal:

"The defendant was tried in prison clothes in violation of his constitutional rights.

The defendant was never arraigned.

The defendant was never furnished a copy of the indictment or information although charged with a capital offense."

The homicide involved in this case occurred in one of the so-called "isolation cells" in the maximum security building at the Arkansas Penitentiary where the appellant, Hill, as well as the decedent, Bittle, were serving time under felony convictions. Three young inmates testified for the state and the nauseating details as related by them would add nothing to this opinion. Suffice it to say the evidence was more than sufficient to sustain the conviction and the sufficiency of the evidence is not questioned on this appeal.

We now discuss the points relied upon by the appellant, Hill, in the order they are designated. Hill argues that he was tried in prison clothes in violation of his constitutional rights, and he cites *Miller* v. *State*, 249 Ark. 3, 457 S. W. 2d 848, as authority for reversal. The accused in the *Miller* case was apparently serving time in the Arkansas Penitentiary under a conviction for some unrelated crime when he was brought to Pulaski County dressed in prison clothes to be tried the following day on a charge of robbery. Before trial the prisoner's appointed attorney moved for a continuance to enable the accused to obtain civilian clothes to wear at his trial, and the trial court denied the motion. In that case we followed the rule previously announced in a number of state and federal decisions that "absent a waiver the accused should not be forced to trial in prison garb," and we reversed the trial court judgment. But in the *Miller* case as well as the cases cited in that opinion, the alleged crime did not occur inside the confines of the penitentiary while the accused was confined as a prisoner there.

The rationale of the rule is reasonable and sound because an accused is presumed innocent until proven guilty, and when he does not take the witness stand as a witness in his own defense, other unrelated crimes or convictions may not be used in evidence against him merely for the purpose of getting across to the jury the fact that he is a "criminal" and therefore likely to have committed the crime with which he is charged. *Dickerson* v. *State*, 251 Ark. 257, 471 S. W. 2d 755, (1971). Certainly an accused should not be forced to wear a badge

conveying evidence which is not admissible when conveyed in words.

In the case at bar the accused was on trial for murder committed in a solitary confinement cell at the Arkansas Penitentiary and we are unable to see how he could have been prejudiced by the fact that he was wearing prison clothes at the time of his trial. It would appear that there might have been a greater likelihood of prejudice if Hill had appeared at his trial wearing civilian clothes, thereby leaving the jury to speculate on when, how and why he was released from custody following the murder he was accused of committing so recently in a maximum security isolation cell at the state penitentiary. Furthermore, there is no evidence that Hill objected to going to trial in prison clothes until after his conviction. In *Hernandez* v. *Beto*, 443 F. 2d 634, the United States Court of Appeals for the Fifth Circuit, on petition for rehearing, said:

> "A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error."

As to appellant's second point, he argues that he was tried in violation of his statutory right to be formally arraigned and to have the indictment read to him and inquiry made as to whether he pleads guilty or not guilty to the indictment. Ark. Stat. Ann. § 43-1201 (Repl. 1964). We are not persuaded by this argument for in *Bettis* v. *State*, 164 Ark. 17, 261 S. W. 46, we held that by announcing ready for trial and going to trial just as if there had been a formal arraignment, an accused waives his right to have a formal arraignment and plea entered before the trial commences. See also *Davidson* v. *State*, 108 Ark. 191, 158 S. W. 1103, and cases there cited.

The record before us discloses that Hill appeared with his attorney at the trial and requested a severance from his codefendant, and that the severance was granted. Hill was then called before the trial judge and in addressing the jury the judge announced that Hill was charged with the offense of first degree murder by information filed by the prosecuting attorney in which

Hill was accused of the murder of Gerald Bittle on January 3, 1971; that the offense was alleged to have occurred in the penitentiary and the record then appears as follows:

"THE COURT:   * * * What says the defendant?

MR. CARTER:   [Hill's attorney] Your Honor, we plead not guilty.

THE COURT:   Are you ready for trial?

MR. CARTER:   Yes sir."

Under the circumstances of this case we hold that the appellant waived formal arraignment under the statute. See also *Clubb* v. *State,* 230 Ark. 688, 326 S. W. 2d 816.

In support of his third point appellant cites *McCoy* v. *State,* 46 Ark. 141, for the proposition that when a defendant in a capital case is forced to trial without a copy of the indictment as provided in Ark. Stat. Ann. § 43-1204 (Repl. 1964), he is entitled to a new trial. We find no merit in this contention for we also held in *McCoy* that by entering a plea of not guilty and going to trial without requesting a copy of the indictment, the privilege is waived. See also *Bettis* v. *State, supra.*

We are of the opinion, and so hold, that the appellant, Hill, in the case at bar, waived his right to a copy of the information pursuant to § 43-1204 by entering a plea and going to trial without objections to the information, and without objections to not being furnished with a copy of it. The judgment is affirmed.

Affirmed.