**Don Lee HANCOCK, Petitioner,**

v.

**Jimmy H. ROSE, etc., Respondent.**

**Civ. A. No. 1147.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Dec. 29, 1972.

————◆————

Don Lee Hancock, pro se.

R. Jackson Rose, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND CERTIFICATE

NEESE, District Judge.

This is a *pro se* application for the federal writ of habeas corpus by a prisoner, in custody of the respondent pursuant to the judgment of the Circuit Court of Bedford County, Tennessee, who claims that he is in such custody in violation of his federal right to a fair trial, Constitution, Fifth and Fourteenth Amendments, in that he was put to trial in his prison uniform. 28 U.S.C. § 2254(a). The respondent moved for a dismissal of the application, on the grounds that the applicant has not alleged the violation of any federally-protected right, and that Mr. Hancock waived his right to be tried in civilian clothing.

There is merit to the respondent's motion. The only effort Mr. Hancock seems to have made to appear in his trial in civilian clothing is that " * * * he requested the prison tailor shop for civilian clothing but was refused. * * * That question was not presented to the trial court or on appeal * * *." Donald Lee Hancock, plaintiff-in-error, v. State of Tennessee, defendant-in-error, no. 2964 in the Court of Criminal Appeals of Tennessee, opinion filed May 25, 1972, page 1.

Being " * * * tried in a jail uniform is not inherently prejudicial. * * * " Xanthull v. Beto, D.C.Tex. (1970), 307 F.Supp. 903, 904, 905 [3]. " * * * [A] defendant may not sleep on his rights and then cry foul when that appears to be to his advantage. * * * " United States v. Butler, C.A. 1st (1970), 426 F.2d 1275, 1278 [5], appeal after remand, 434 F.2d 243, certiorari denied (1971), 401 U.S. 978, 91 S. Ct. 1207, 28 L.Ed.2d 328.

The applicant Mr. Hancock contends
* * * * * *
that the jury was unable to render an unbiased verdict of [sic] the petitioner. The petitioner further contends that the Judge errored [sic] in not reconizing [sic] this flagrant violation of the petitioners [sic] right to an unbiased trial as guaranteed by the fifth and fourteenth Amendments of the Constitution of the United States. The petitions [sic] submits that his appearance in prison clothing prevented the jury from rendering a fair and impartial verdict. A trial by jury is a hollow [sic] right. When proper Court room proceedure [sic] is not

complied with, as in the instant case, the defendant is entitled to have his conviction overturned. The prejudiced atmosphere of standing before a jury, dressed like a convicted felon, certainly violated petitioner [sic] protection against self-incrimination, as in Court identification was made while the petitioner was dressed as described above—[*i. e.*, "presented to the Court and Jury dressed in well identifiable prison clothing, recognizable by all in the Court"]. * * *

These are mere conclusions of the pleader. The applicant has heretofore presented the question of his in-court identification's having been tainted by a one-man confrontation or showup, and this issue was decided adversely to the contentions of the applicant. Don Lee Hancock, petitioner, v. Lewis Tollett, respondent, civil action no: 1044, this district and division, affirmed C.A. 6th (1971), 447 F.2d 1323.

Mr. Hancock was convicted of the charge concerning which he now complains in July, 1967. His conviction was affirmed by the Court of Criminal Appeals of Tennessee. Hancock v. State, (1968), 1 Tenn.Cr.App. 116, 430 S.W.2d 892, certiorari denied by the Tennessee Supreme Court (1968) certiorari denied sub nom. Hancock v. Tennessee (1969), 394 U.S. 951, 89 S.Ct. 1291, 22 L. Ed.2d 486; 394 U.S. 1008, 89 S.Ct. 1597, 22 L.Ed.2d 789, with Mr. Justice Douglas of the opinion that certiorari should be granted. At none of these stages of the proceedings did Mr. Hancock assert his procedural right to have been tried in civilian clothing.

This Court is of the opinion that Mr. Hancock lost such procedural right by failing to assert it in a timely manner, and that he cannot now be heard to present the question. Accordingly, the motion of the respondent hereby is GRANTED, and the applicant is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure.

Should the applicant give timely notice of an appeal herefrom, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. As only a question of law is presented, such certificate will ISSUE. Rule 22(b), Federal Rules of Appellate Procedure.