William D. CARROLL, Petitioner,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Aug. 4, 1975.

Certiorari Denied by Supreme Court
Dec. 1, 1975.

Jerry R. Daniels, Nashville, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Edward M. Yarbrough, Asst. Dist. Atty. Gen., Nashville, for respondent.

## OPINION

O'BRIEN, Judge.

This is an appeal from dismissal of a petition for post-conviction relief in the Criminal Court of Davidson County without an evidentiary hearing.

On June 28th, 1973, petitioner was convicted for the offense of armed robbery and sentenced to forty years in the penitentiary. On March 27th, 1974, this Court affirmed the judgment of conviction with certiorari denied by the Supreme Court on June 3rd, 1974. On June 25th, 1974, a petition for post-conviction relief and for writ of habeas corpus was filed on behalf of petitioner alleging he was denied due process and equal protection of the law under both the Constitution of the United States and the Constitution of Tennessee by virtue of the fact that (1) his request for street clothing to be worn at his trial, made at the penitentiary, was denied; (2) he was tried in prison clothing with numbers stamped across the shoulders and this deprived him of the presumption of innocence; (3) failure of his trial counsel to request suitable clothing to be worn at trial, or to request a continuance for the purpose of obtaining such clothing, was tantamount to ineffective assistance of counsel.

By the first assignment here it is contended it was error for petitioner to be attired in prison clothes during his conviction trial.

Petitioner says he requested regular street clothing at the penitentiary prior to being taken to court for his trial. The transcript of the trial record does not show whether or not he was tried in prison clothing. The opinion of this court affirming the original conviction, *William Carroll v. State*, B–862, Davidson County (3/27/74), indicates that neither petitioner nor his attorney made any request that petitioner be allowed to dress differently than as he presented himself before the jury. This Court held that had petitioner made a request to be clothed in other than prison garb, it would constitute plain error to compel him to appear before the jury dressed as a prisoner, but in absence of such compulsion, it was not error for a prisoner to be tried in the clothing of his own choice, although that choice be prison garb. Dictum in the opinion suggests that failure to request civilian clothing might have been a tactical maneuver to engender sympathy on the part of the jury for one upon whom such a requirement was inflicted.

The Bill of Exceptions from the post-conviction hearing indicates that defense counsel obtained affidavits from petitioner's counsel at the conviction trial and from the two State's attorneys involved, but enlightens us no more than to show that these affidavits contained statements to the ef-

fect that defendant was dressed as a prisoner with a number stamped upon his back. Why these affidavits were not made a part of this record is a matter which has not been made known to us.

The great weight of authority seems to be against the contention made by petitioner. In this court's opinion affirming his conviction we said, "There is no need for remand in this case since we are treating the issue as though conceded by the State that defendant was clothed in prison garb during his trial in overruling the assignment." In *Hancock v. State,* No. 2964, Bedford Criminal, Nashville, January 1972 (5/25/72) this Court said:

"We hold that an accused who wants to be tried in civilian clothes must, before trial, make his request to the trial court before the state can be held accountable for his being tried in jail clothes. He cannot remain silent and thereafter complain."

In the *Hancock* case, a petition for habeas corpus in the Federal District Court was denied for failure to allege the violation of any Federally protected right and in so doing the Court held that trial in a jail uniform is not inherently prejudicial and the procedural right to be tried in civilian clothing may be lost by failure to assert that right in a timely manner. See *Hancock v. Rose,* 365 F.Supp. 1341 (E.D.Tenn. 1972) in which the Sixth Circuit Court of Appeals affirmed without published opinion stating in their order that petitioner "has failed to advance his claim in timely fashion and has waived same." (486 F.2d 1404, 6th Cir. 1973). The United States Supreme Court denied certiorari at 415 U.S. 930, 94 S.Ct. 1441, 39 L.Ed.2d 488 (1974). The nature of clothing worn by a defendant at his trial is not inherently prejudicial of his right to a fair and impartial trial. *Watt v. Page,* 452 F.2d 1174 (10th Cir. 1972), cert. denied, 405 U.S. 1070, 92 S.Ct. 1520, 31 L.Ed.2d 803 (1972). A defendant and his attorney have the burden of making known

to the court that the defendant desires to be tried in civilian clothes before the State can be held accountable for his being tried in jail clothes. *United States ex rel. Stahl v. Henderson,* 472 F.2d 556, 557 (5th Cir. 1973), cert. denied, 411 U.S. 971, 93 S.Ct. 2166, 36 L.Ed.2d 694 (1973). The fact that a defendant is dressed in prison clothes at the time of his trial is not so prejudicial as to rise to the level of deprivation of due process. *May v. Peyton,* 268 F.Supp. 928, 931 (W.D.Va.1967). In the absence of a showing of prejudice there is no denial of a fair trial because an accused appears before the jury in prison uniform. *Hancock v. State,* supra; *Xanthull v. Beto,* 307 F.Supp. 903 (S.D.Tex.1970); *Hall v. Cox,* 324 F.Supp. 786 (W.D.Va.1971). Where, as this court held in the present case, the evidence of guilt is clear and overwhelming an accused is not prejudiced by allowing the jury to see him in prison or jail clothing. *Xanthull v. Beto,* supra; *Williams v. Beto,* 364 F.Supp. 335 (S.D.Tex.1973); *People v. Shaw,* 7 Mich.App. 187, 151 N.W.2d 381 (1967); *Lenhart v. State,* 503 P.2d 918 (Okl. Crim.App.1972); *Atkins v. State,* 210 So.2d 9, 10, 11 (Fla.App.1968). Where no prejudice is indicated by the jury's verdict, the trial of a defendant in prison attire is harmless error. T.C.A. Sec. 27–117; 24A C.J.S. Criminal Law Sec. 1898, pages 957–958, and cited cases; *McFalls v. Peyton,* 270 F.Supp. 577, 579 (W.D.Va.1967); *Collins v. State,* 70 Okl.Crim.App. 340, 106 P.2d 273 (1940). The appearance of a criminal defendant in prison clothing before a jury has also been held harmless error where the jury knew of his convict status in some other manner than seeing his prison clothes, as in the case before us. *Hill v. State,* 251 Ark. 370, 472 S.W.2d 722 (1971); *People v. Coleman,* 32 Cal.App.3d 853, 108 Cal.Rptr. 573 (1973); *Sharpe v. State,* 119 Ga.App. 222, 166 S.E.2d 645 (1969); *State v. Alton,* 139 Mont. 479, 365 P.2d 527 (1961); *Lenhart v. State,* 503 P.2d 918 (Okl.Crim.App.1972); *State v. Fair,* 28 Utah 2d 242, 501 P.2d 107 (1972). It is difficult to conceive why it should be strange or prejudicial for a jury to observe

an individual who has been arrested, charged, and in custody for a criminal offense, to be attired in jail clothing when it is no more than common sense that he is either in custody or on bond for the offense for which he is presented for trial.

By the second assignment it is said the trial judge at the post-conviction hearing erred in refusing to consider evidentiary material which he had previously authorized.

This assignment is not borne out by the record. The trial judge allowed the original hearing on the post-conviction petition to be continued for the purpose of giving counsel the opportunity to present evidence from petitioner's trial counsel as well as from the district attorney's general who prosecuted the case. Affidavits were obtained but are not included with this record. The Bill of Exceptions is not clear regarding the contents of the affidavits. This court cannot rule by speculation. We have previously rejected petitioner's contention that his trial attorney was incompetent and inadequate in our ruling affirming the conviction judgment.

There is no evidence that petitioner did not receive a fair and proper trial, nor that the contentions raised in the post-conviction petition were not duly considered in his original appeal.

The judgment of the trial court is affirmed.

GALBREATH and DUNCAN, JJ., concur.