## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

#### JANUARY SESSION, 2000

**FILED**

March 8, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | |
| | * | No. W1999-01448-CCA-R3-CD |
| Appellee, | * | |
| | * | **SHELBY COUNTY** |
| vs. | * | |
| | * | **Hon. Chris Craft, Judge** |
| **DAVID REMUS,** | * | |
| | * | **(Burglary)** |
| Appellant. | * | |

For the Appellant:

**C. Anne Tipton**
140 N. Third Street
Memphis, TN 38103

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Tara B. Hinkle**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Jennifer Nichols**
Asst. District Attorney General
Criminal Justice Complex
Suite 301, 201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

**OPINION**

The appellant, David Remus, appeals the jury verdict of the Shelby County Criminal Court finding him guilty of burglary of a building, a Class D felony.. The trial court imposed a sentence of three years and three months in the county workhouse. On appeal, the appellant challenges (1) the sufficiency of the evidence; (2) the jury's viewing of the appellant while "shackled;" and (3) the trial court's application of an enhancement factor in determining the appellant's sentence.

Following review, we affirm.

**BACKGROUND**

Shortly before midnight on April 26, 1998, a burglar alarm was activated at the business address of Sossaman, Bateman and Associates, an advertising agency located at 400 Union Avenue in Memphis. Within minutes, police officers, Reed and McGowan, were at the scene. Upon arriving, they discovered that a window at the business address was broken. The officers then observed two males running from the back of the building toward a security wrought iron fence which surrounded the building. As one of the males was climbing down the fence, he was apprehended by Officer McGowan. This person was identified as the appellant. The other male was more successful in his flight from the scene but was ultimately apprehended by Officer Reed. Returning to the scene, the officers found, underneath the broken window, a planter turned upside down to assist entrance into the building. Broken glass and dirt were found inside the building and the place was described as a "mess."

At trial, Officer McGowan positively identified the appellant as the person he apprehended and arrested as he climbed down the fence. Both officers testified that other than the appellant and the co-defendant, no other person was in the area from the time of the alarm call until the appellant's arrest which occurred approximately ten minutes later. Sossaman, one of the business owners, confirmed that the business was closed and that the appellant did not have permission to enter the building.

## I. SUFFICIENCY OF THE EVIDENCE

The appellant challenges the sufficiency of the convicting evidence. His argument is two-fold: first, he contends that Officer McGowan presented inconsistent testimony raising a question of the reasonable doubt of his guilt; and second, there was no proof which placed the appellant inside the building, a requisite element of the offense.

The appellant's reliance upon his former argument is misplaced. The relevant question upon a sufficiency review of a criminal conviction, be it at the appellate or trial level, is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979).[1] See also Tenn. R. App. P. 13(e); Tenn. R. Crim. P. 29(a). Jackson v. Virginia addresses two important aspects of a sufficiency review; (1) the manner of review of the convicting evidence and (2) the standard of review for legal sufficiency. The scope of our examination of the evidence is not equivalent to that of the jury's. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. We emphasize that our examination in a

_____

[1]The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Jackson v. Virginia, 443 U.S. at 315, 99 S.Ct. at 2789. Rule 13(e) of the Tenn. R. App. P. is consistent with and compelled by the holding in Jackson v. Virginia.

sufficiency review is not to revisit inconsistent, contradicting, implausible or non credible proof, as these issues are resolved solely by the jury. Rather, we look to the record to determine whether there was substantive probative evidence to support the verdict. The second inquiry, the question of legal sufficiency, then follows: whether the record contains evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt. Every reasonable hypothesis of innocence need not be dispelled; it is only necessary that there exists proof which supports the elements of the crime. Again, we emphasize our inquiry is not upon the weight of the evidence or its inconsistency but, rather, whether there is proof of the crime beyond a reasonable doubt.

In view of the controlling principles of Jackson v. Virginia and Rule13(e), Tenn. R. App. P., we find it unnecessary to address the appellant's argument that Officer McGowan's testimony was inconsistent, thus raising a reasonable doubt as to his guilt. We examine the record for evidence of guilt most favorable to the State. The undisputed proof at trial established the commission of a burglary, *i.e.*, the unlawful entry into a building with the intent to commit theft. Tenn. Code Ann. § 39-14-402(d)(1). The proof established the appellant was observed within minutes of the burglary, running from the building, and was apprehended on the premises while attempting to flee over a fence. The circumstantial proof relating to the unlawful entry and the intent to commit a theft pointed unerringly to the appellant as to exclude any other explanation except for the appellant's guilt. See State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987). Thus, we conclude that a jury could have rationally inferred from these facts proof of the elements of burglary and the appellant's guilt of that offense.

## II. DUE PROCESS VIOLATION

During the trial testimony of Officer McGowan, the court adjourned to permit the jury to view the crime scene located at the offices of Sossaman, Bateman and

4

Associates at 400 Union Avenue. The appellant and his co-defendant, who were in custody during the trial, were transported to the scene in an unmarked police vehicle. The two remained inside the vehicle during the entire period of the jury's view. Although "shackled," their shackles were covered by a blanket or coat.

The appellant argues that his due process rights to a fair trial were violated because his confinement in the vehicle and the use of "shackles" produced a "negative, unpredictable impact" upon the jury citing Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691 (1976). It is well-established that the accused should not ordinarily be forced to wear shackles in the presence of the jury. State v. Bradfield, 973 S.W.2d 937, 945 (Tenn. Crim. App. 1997) (citation omitted); see also Estelle v. Williams, 425 U.S. at 504, 96 S.Ct. at 1692-93 (holding violation of due process to compel defendant to wear prison attire in front of jury because attire may affect fact-finding process). However, if the challenged practice is not inherently prejudicial and the defendant fails to demonstrate actual prejudice, his argument is meritless. Holbrook v. Flyn, 475 U.S. 560, 572, 106 S.Ct. 1340,1347-48 (1986); Carroll v. State, 532 S.W.2d 934, 936 (Tenn. Crim. App. 1975).

The record in this case reflects a conscientious and determined effort by the trial court to protect the appellant's presumption of innocence before the jury and his rights to a fair trial. Prior to the jury's view of the crime scene, the trial court conducted a hearing which resulted in the following instructions:

> I don't want to have to surround them by strong deputies. I wouldn't want any of them to break and run and cause a mistrial.
> And so we have to have them in a place since they're in custody, they have to be in custody without looking like it. . . .
> But I think they need to be seated in some kind of vehicle. . . .
> [W]hat we'll need to do is . . . to have a coat or something or a blanket or something so the jury does not see any handcuffs or anything, and we'll put them in the squad car with the windows down in the front. . .
> . . .

One [police car] where there's no handle on the inside of the back

doors. . . . The key is we want to have them sitting in the car, and we don't want the jury to think they're in custody . . . and we're trying to keep them shackled . . .

Upon returning from the crime scene excursion, the trial court noted for the record:

[T]he two inmates were in the car which was a Jeep Cherokee, and it looked like a regular car and the jury never got near them as far as I could tell. Nobody saw any handcuffs or shackles or anything like that.

There is no proof in the record that establishes or even suggests that the appellant's confinement in the Jeep produced a "negative, unpredictable impact" upon the jury. As such, our review of the record does not reveal any prejudice to the defendant. See Holbrook v. Flynn, 475 U.S. at 572, 106 S.Ct. at 1347-48. See also State v. Taylor, 771 S.W.2d 387, 396 (Tenn. 1989), cert. denied, 497 U.S. 1031, 110 S.Ct. 3291 (1990) (finding no constitutional violation where defendant was shackled during trial when shackles were hidden from jury's view). This issue is without merit.

## III. SENTENCING

In arriving at a sentence of three years and three months, the trial court applied two enhancement factors: (1) "defendant has a previous history of criminal convictions," and (2) "defendant was a leader in the commission of an offense involving two or more criminal actors." See Tenn. Code Ann. § 40-35-114 (1997). In mitigation, the trial court applied Tenn. Code Ann. § 40-35-113(1) that the defendant's conduct did not cause or threaten serious bodily injury.[2]

---

[2]We agree with the trial court's application of the mitigator that the appellant's conduct did not cause or threaten serious bodily harm. However, in this case, we note that the potential or threat of serious bodily injury was present based upon the appellant's encounter with the police during his escape attempt. Accordingly, we afford this mitigating factor minimal weight upon denovo review.

6

This court's review of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d). See also State v. Bingham, 910 S.W.2d 448 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995). This presumption is only applicable if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appellant to show that the sentence imposed was improper. Id.; State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991); Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d). The record reflects that the trial court considered the relevant principles of sentencing; accordingly, the presumption is afforded.

At the sentencing hearing, the proof indicated that the appellant's prior criminal history was evidenced by "four pages of a rap sheet." However, all but one of the offenses were misdemeanors and most were related to drugs, alcohol, disorderly conduct, criminal trespass and assault. The appellant's felony conviction stemmed from an indictment for burglary and his guilty plea to the lesser offense of attempted burglary. The proof established that the thirty-seven year old appellant is single and has a high school education. He admitted an addiction to alcohol which contributed to his prior criminal convictions and a prior crack cocaine addiction that ended in 1997. He related that, if released, he would reside with his mother; if she would permit, or at the Union Mission, a shelter for the homeless.

The appellant's sole challenge to his sentence is the application of enhancement factor (2), that he was the leader in the commission of the offense involving two or more criminal actors. See Tenn. Code Ann. § 40-35-114(2). The State concedes that the trial court erroneously applied this factor because the proof in the record does not support its application.

As a Range I offender convicted of a Class D felony, the sentencing range is two to four years. Tenn. Code Ann. § 40-35-112(a)(4). When both enhancement and mitigating factors are present, the court begins with the minimum in the range and enhances within the range as appropriate for the enhancement factors and reduces the sentence appropriately for the mitigating factors. Tenn. Code Ann. § 40-35-210(c) and (e). Misapplication of an enhancement factor does not necessarily require reduction of a sentence on appeal. The weight to be applied to enhancing and mitigating factors is discretionary. Upon *de novo* review, we conclude that enhancement factor (1) is entitled to significant weight and that the mitigating factor is entitled to little weight. Accordingly, we find that the appellant's sentence of three years and three months is justified.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
JOHN EVERETT WILLIAMS, Judge