IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 1, 2005


**WILBERT ROGERS v. STATE OF TENNESSEE**


**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26410, W. Fred Axley, Judge**

———————————

**No. W2004-00654-CCA-R3-PC  - Filed February 22, 2005**

———————————


The petitioner, Wilbert Rogers, appeals the denial of post conviction relief, alleging ineffective assistance of counsel by his trial attorney. The petitioner was originally convicted by jury of second degree murder.  After careful review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE H. WALKER, III, SP.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ALAN E. GLENN JJ., joined.

Deborah A. Brandon, Tennessee, for the appellant, Wilbert Rogers.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.


**OPINION**


Appellant was convicted by a jury of second degree murder.  On May 6, 1994, Appellant stabbed the victim, James Bowdery, with a butcher knife. Approximately fifteen months passed from the day the defendant stabbed Bowdery to the day Bowdery died from causes secondary to a stab wound to the heart.  The conviction was upheld on appeal by the Tennessee Supreme Court, *State v. Rogers,* 992 S.W.2d 393 (Tenn. 1999), which abolished the common law rule that the victim's death must occur within a year and a day of the mortal wound.  The conviction was eventually affirmed by the United States Supreme Court on May 14, 2001. *Rogers v. Tennessee*, 532 U.S. 451, 121 S. Ct. 1693, 149 L. Ed. 2d 697 (2001).

1

Appellant filed for post-conviction relief, alleging ineffective assistance of counsel, in that trial counsel failed to object to the admissibility of photographic evidence; that trial counsel did not request a continuance when defendant appeared for trial in a jail uniform; and that he did not object when the trial went forward even though other courts were closed due to inclement weather. After an evidentiary hearing, his petition was denied.

The petitioner is required to prove the allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002). A trial court's factual findings shall not be disturbed unless the evidence in the record preponderates against them. Determinations of whether counsel provided a defendant constitutionally deficient assistance present mixed questions of law and fact. As such, our review is de novo, and we accord the conclusions reached below no presumption of correctness. *Id.*

First, a defendant must prove that counsel was ineffective by showing errors made by counsel that caused the assistance of counsel to fall below prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In making this assessment, however, courts must be deferential to the tactical decisions of counsel and must not base assessments on a lawyer's competence from the clear perspective of hindsight. *Id.* at 689 .

Second, upon establishing that counsel was deficient, the petitioner must establish a reasonable probability that the outcome of the trial would have been different but for the deficiencies of counsel. *Strickland*, 466 U.S. at 687, 694.

**Mug Shot Photo Spread**

Appellant alleges his trial attorney was deficient by failing to object to a mug shot photo used by the police in a photo spread, which was introduced at trial.

The state's proof at trial established that Appellant was at the home of Lisa Sledge with the victim, James Bowdery. During the night Appellant stabbed the victim with a knife, and left. During the trial, Appellant's mug shot was admitted as an exhibit when Ms. Sledge identified the photograph as one she had picked out of a photo line-up shown to her by Memphis police.

A photographic identification is admissible unless, based upon the totality of the circumstances, "the confrontation conducted . . . was so unnecessarily suggestive and conducive to irreparable mistaken identification that [the accused] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 301-302, 87 S. Ct. 1967, 1972, 18 L. Ed. 2d 1199, 1206 (1967).

The photo used in the array shown to Ms. Sledge was a mug shot of the Appellant which had been taken incident to a 1978 arrest. Appellant has failed to show that the state did not have a need to introduce the photo spread. The mug shot was from a prior arrest, and did not necessarily imply that the defendant had a prior record. As noted by the post-conviction court, "the photograph, coupled with police identification marks, suggests, at the most, an arrest only."

We find that trial counsel was not deficient for failing to object to the introduction of the photo. Moreover, the Appellant has failed to show that he was prejudiced by trial counsel's omission. Accordingly, the Appellant has failed to prove that he received ineffective assistance of counsel by clear and convincing evidence.

**Clothing During Trial**

Appellant wore jail clothing during the trial. He testified at the post-conviction hearing that he did not have "street clothes" because the officers "apparently had lost my clothes."

Appellant testified that he did not say anything to his trial attorney about his clothes. His counsel did not object to Appellant wearing jail clothes during trial, and Appellant did not mention it to his attorney or anyone else.

An accused should not be forced to attend his trial attired in prison garb if the accused requests permission to dress in civilian clothes. *Carroll v. State*, 532 S.W.2d 934 (Tenn. Crim. App. 1975). However, Appellant has made no showing that he requested permission to dress in civilian clothes. To the contrary, he testified he did not mention it to his trial attorney.

A defendant may choose for tactical purposes to place his custodial status before the jury. *See, Holbrook v. Flynn*, 475 U.S. 560, 567, 106 S. Ct. 1340, 1345, 89 L. Ed. 2d 525 (1986). A defendant, for example, may hope to appeal to the jury's sympathy through his prison attire. Jurors are quite aware that the defendant appearing before them did not arrive there by choice or happenstance. *Id.*

We find that trial counsel was not deficient for failing to request a continuance so Appellant could obtain civilian clothes. Moreover, the Appellant has failed to show that he was prejudiced by trial counsel's omission. Accordingly, the Appellant has failed to prove that he received ineffective assistance of counsel by clear and convincing evidence.

**Inclement Weather During Trial**

Appellant contends his trial counsel was deficient by not objecting to the trial continuing during inclement weather.

Appellant testified at the post-conviction hearing that his trial began January 29 and ended January 31. On the last day, the trial judge told the jury that the other courts in Memphis were closed due to the weather. He told the jury that everyone for this trial was present, but they were the only court working that day.

Appellant contends that his girlfriend was turned away at the door to the courthouse on January 31, and concludes that he was denied a right to a public trial. The girlfriend did not testify. The post-conviction court found that the inclement weather did not result in a closure of the trial to the public.

3

The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Similarly, the Tennessee Constitution provides that "in all criminal prosecutions, the accused hath the right to . . . a speedy public trial." Tenn. Const. art. I, § 9. The Tennessee Supreme Court held that the First Amendment's free speech guarantees and the Sixth Amendment's guarantee of public trials require a court to articulate an overriding interest in closing a public trial and that the closure order be narrowly tailored so as to accommodate only the overriding interest in restricting public attendance. *See State v. James*, 902 S.W.2d 911 (Tenn. 1995); *State v. Drake*, 701 S.W.2d 604 (Tenn. 1985).

In this case, however, the judicial proceedings were not closed by the trial judge. Quite the contrary, the trial judge had his court open, while other courts were apparently closed due to weather. Appellant has failed to show that the weather-related closing of the other court-rooms at the time of his trial resulted in a denial of a public trial as contemplated by *Waller v. Georgia,* 466 U.S. 39, 104 S. Ct. 2210, 81 L.Ed.2d 31 (1984). The trial judge noted on the record that his court-room was open, and all participants were present.

Appellant has not shown trial counsel to be deficient by not objecting to the trial continuing during inclement weather.

We have reviewed the record and find the evidence does not preponderate against the factual findings of the post conviction court.

The post-conviction court found that petitioner has failed to establish the factual allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110. Appellant did not establish that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Appellant did not establish that the services rendered or the advice given was below the range of competence demanded of attorneys in criminal cases. Appellant did not establish that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. We therefore find no error in the denial of post conviction relief.

The judgment of the post-conviction court is affirmed.

_____
JOE H. WALKER, III, SP.J.

4